(108 So. 7)

**PARAMOUNT COAL CO. v. WILLIAMS.**
(6 Div. 525.)

(Supreme Court of Alabama.   Jan. 14, 1926.
Rehearing Denied April 8, 1926.)

**1. Master and servant ⬤═412.**

Findings of fact by trial court in compensation case, if supported by any legal evidence, are conclusive on certiorari.

**2. Certiorari ⬤═68.**

Review by certiorari is upon questions of law, and among these is whether there is any legal evidence supporting findings of fact.

**3. Master and servant ⬤═412.**

Findings of trial court, supported by legal evidence, in compensation case, that injury was proximate cause of death, *held* conclusive on certiorari.

**4. Master and servant ⬤═386(2)—Period of wife's compensation should be reduced by number of weeks ascertained by dividing aggregate amount paid injured employee before death by amount of weekly compensation due wife (Code 1923, § 7551, subd. [f]).**

Period of compensation of wife of injured employee, who had been paid compensation prior to his death under Code 1923, § 7551, subd. (f), should be reduced by number of weeks ascertained by dividing aggregate amount paid employee by amount of weekly compensation due the wife.

**5. Master and servant ⬤═403—Employer must show fact and amount of payments to injured employee before death to reduce compensation due wife.**

Burden is on defendant employer, seeking to reduce amount of compensation payable to wife of injured employee, who was paid compensation prior to his death, to show the fact and amount of payments to such employee.

**6. Master and servant ⬤═408—Trial court need not look to record in prior compensation suit unless offered in evidence.**

In determining amount of payments paid to injured employee prior to his death to ascertain compensation due his wife, trial court was not required to look to record in suit by such injured employee to ascertain the facts, unless record was offered in evidence.

**7. Master and servant ⬤═403—Burden is on compensation claimant to show amount incurred for last sickness and burial expenses (Code 1923, § 7557).**

In view that Code 1923, § 7557, requiring payment of expenses of last sickness and burial, not exceeding $100, fixes a maximum and not a flat allowance, burden is on plaintiff in compensation case to show amount incurred for such purposes.

**8. Master and servant ⬤═403—Compensation claimant has burden of showing no insurance association is liable for last sickness and burial expenses in order to recover therefor (Code 1923, § 7557).**

To recover for expenses of last sickness and burial, under Code 1923, § 7557, in compensation case, plaintiff has burden of showing that no insurance or benefit association is liable therefor, since such condition is within her special knowledge.

**9. Master and servant ⬤═401—Proof is not required of last sickness and burial expenses, properly pleaded in compensation case, when no issue is made by answer (Code 1923, §§ 7557, 7578).**

When facts to support claim for last sickness and burial expenses, under Code 1923, § 7557, are set out in plaintiff's complaint as required by section 7578, in compensation case, and no issue is made by answer, no proof is required.

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered-Digests and Indexes

10. Master and servant ⚖➙411—Court should not include statutory allowance for burial expenses in judgment in compensation case, in absence of pleading or proof (Code 1923, § 7557).

When question of defendant's liability for last sickness and burial expenses, under Code 1923, § 7557, in compensation case, is not presented in pleading or proof, court should not of its own motion include in judgment maximum sum allowed by statute for such expenses.

### On Rehearing.

11. Master and servant ⚖➙411 — Agreement waiving all questions save cause of death in compensation case held not admission of employer's liability for burial expense, in absence of pleading and proof thereof (Code 1923, § 7557).

Agreement in compensation case, waiving all questions going to right of recovery save that of ultimate cause of death, *held* not an admission of employer's liability for burial expenses, under Code 1923, § 7557, where it was not made an issue in pleadings or evidence.

Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition of the Paramount Coal Company for certiorari to the Circuit Court of Jefferson County, to review the finding and judgment of that court in a proceeding under the Workmen's Compensation Act by Mary Williams against the petitioner. Writ granted; reversed and remanded.

B. F. Smith, of Birmingham, for petitioner.

There was no evidence before the trial court that Williams died of any cause other than cancer, and the award of compensation was error. Johnson v. Republic I. & S. Co., 212 Ala. 149, 102 So. 44. Counsel discusses other questions, but without citing additional authorities.

W. A. Denson, of Birmingham, for respondent.

Counsel discusses the questions raised, but without citing authorities.

BOULDIN, J. This is a compensation case brought by the dependent widow of the deceased employee. The primary inquiry is whether the death of the employee resulted from the injury admittedly received, or from disease apart from the injury.

[1, 2] In Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753, wherein Tom Williams, the employee, and husband of the present plaintiff, was suing for compensation for his disability, this court reannounced the rule on certiorari to this court, that if there is any legal evidence to support the findings of fact by the trial court, such finding is conclusive. This rule has been so often reaffirmed as to be well understood. Needless delay and expense is occasioned by appeals to this court

to pass upon the weight of conflicting evidence heard by the court below. Mistakes may be made by the trial court in passing upon the weight of evidence; but greater wrong would be done by making this court a trior of fact in all compensation cases. Such is not the policy of the law, nor the system designed by the lawmakers in the administration of its provisions through judges learned in the law and experienced in hearing issues of fact. The review by certiorari is upon questions of law, and among these ·is whether there is any legal evidence supporting the findings of fact. The bill of exceptions, made part of the record in the instant case, discloses without conflict that deceased received an injury in a mine causing a fracture at the base of the skull, affecting his eyesight, permanently impairing his hearing, and producing such extreme debility as to render him wholly and permanently unable to work. There is strong testimony for defendant that more than a year after this injury he was suffering from abdominal pain; that on examination a hernia was discovered; that an operation was performed disclosing the lower point of the stomach, the liver, gall ducts, and a portion of the duodenum to be in an advanced state of cancerous formation; that death was inevitable, and did result within a few weeks. We are not inclined to hold there was conflict in the evidence as to these facts. There was further evidence that deceased was, at the time of his injury, a strong, healthy laboring man. There appears no conflict between the physicians and surgeons examined as witnesses that his enfeebled condition from the injury would hasten his death if the cancerous infection existed at the time he was injured; nor that the period of life after the appearance of cancer is varied and uncertain. It is admitted by all the witnesses that the cause of cancer is unknown. While the majority express the opinion that the injury would not cause the cancer of the stomach, they give no positive opinion that the injury did not contribute to the formation of cancer, and there is some medical opinion evidence that it did.

[3-8] On this state of the evidence, the finding of the trial court that the injury was the proximate cause of death should not be disturbed. In death cases the deduction of the amount paid to the injured employee prior to his death under subdivision (f), § 7551, does not contemplate that, in fixing the period of compensation to the dependent wife, there shall be deducted the number of weeks for which the employee was voluntarily paid compensation at a less rate per week than is found due the wife. Her period of compensation should be reduced by the number of weeks ascertained by dividing the aggregate amount paid the husband by the amount of weekly compensation due the wife. The bur-

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

den is on the defendant to show the fact and amount of payments to the husband. No evidence appears in the record on that issue. The trial court was not required to look to the record in the other case tried before him to ascertain these facts, unless that record was offered in evidence, which does not appear. Neither does this record show that the former record would have disclosed the amount so paid. The evidence offered on the trial warranted the amount awarded. Section 7557, requiring payment of "the expenses of last sickness, and burial, not exceeding in amount one hundred dollars," fixes a maximum, not a flat allowance of $100 in each case. The burden is on plaintiff to show the amount incurred for these purposes. To bring these items within the statute, the burden is also on plaintiff to show no insurance or benefit association is liable therefor. This is a condition to recovery within the special knowledge of the plaintiff. No claim for these items was made in the complaint. The better practice is to set out these facts in the complaint. Code, § 7578.

[9, 10] When this is done, and no issue is made thereon by answer, no proof is required. Under our liberal system of procedure, if the matter is presented in evidence, we do not say there should be a reversal for want of pleading; but when the question of liability is presented in neither pleading nor proof, it is error for the court, of its own motion, to include in the judgment $100 for burial expenses.

For this error the writ of certiorari is granted, the judgment set aside, and the cause remanded for another trial.

Writ granted; reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BOULDIN, J. On the trial, after introducing evidence of the injury and death of the employee, followed by evidence of his average weekly earnings, the record recites:

"At that point in the trial the following occurred:

" 'Mr. Denson: You are not denying you got a notice or anything of that kind?

" 'Mr. Smith: No, Mr. Denson, just a minute. Your honor; we went into this part of it on the other trial, and I will waive every question except question as to what was the immediate cause of his death.

" 'The Court: Yes; I awarded him $12 a week.' "

[11] It is earnestly insisted that this was an agreement in open court waiving further evidence and authorizing the inclusion in the judgment of the item of burial expenses.

The occasion and substance of the agreement indicates a purpose to waive all questions going to the right of recovery save that of the ultimate cause of death, and was not intended to control the amount of the allowance to which this plaintiff was entitled. That the trial court so understood is made clear by the fact that he did not base his finding of average weekly earnings on the former finding, but made a new finding on evidence offered upon this trial, and awarded compensation on a basis of higher earnings than in the former trial. Having obtained an allowance on a different and higher basis, it can hardly be contended by plaintiff that the former decision fixed the amount of recovery in this case. But, conceding that the parties intended to limit the issue here to the sole question of cause of death, looking to the record in the former suit for all other findings, this in no way involved an admission of the employer's liability for burial expenses. That question did not and could not arise before the death of the employee. It was not made an issue in pleadings or evidence on either trial. Unless we declare an admission of liability for compensation carries with it an admission of liability for $100 on account of burial expenses, whether claimed or not, we cannot hold the parties had any such item in mind at the time of the waiver or agreement relied upon. The other side contended that this agreement called upon the trial court to ascertain and make deduction of the amount paid the employee before his death. Both contentions are alike untenable.

Application overruled.