MATTIE LEE BROWN CALDWELL AND FRANK BOMAR, CLAIMANTS, APPELLANTS, v. J. A. KREIS & SONS, EMPLOYER, AND HARTFORD ACCIDENT & INDEMNITY COMPANY, INSURER, RESPONDENTS.—50 S. W. (2d) 728.

St. Louis Court of Appeals. Opinion filed June 7, 1932.

*Douglas H. Jones* for Frank Bomar, appellant.

*Holland, Lashly & Donnell* for respondents.

BECKER, J.—On May 27, 1929, John Brown, while working for the J. A. Kreis & Sons as a laborer, under the name of Clyde Caldwell, sustained injuries from which he died. In due course Mattie Lee Brown Caldwell, as his widow, and thereafter Frank Bomar, father of the deceased, filed claims for compensation before the Missouri Workmen's Compensation Commission. The claims were heard together, first before a referee, and then on review by the full commission, and resulted in the denying of compensation to either claimant. Herein we are considering solely the appeal of the father Frank Bomar.

It is conceded that the employee died as the result of accidental injuries arising out of and in the course of his employment, and that the widow of the employee filed her claim for compensation within the six months' period required under section 3337, Revised Statutes of Missouri 1929, and that while the claim of the said widow was still pending before the commission, but after the lapse of more than six months from the date of the death of the employee, the father, Frank Bomar, filed a separate claim for compensation alleging that the claim of the purported widow was not a proper claim, and that, therefore, he filed his claim as dependent father. Simultaneously with the filing of his said claim for compensation the father filed a "petition for intervention and substitution," wherein he sought to have the commission either substitute him in lieu of and in the place of the said Mattie Lee Brown Caldwell, the alleged widow, or be permitted to intervene in the said cause and be joined with the said claimant, and that the cause proceed to final judgment, and that on said final judgment petitioner be

awarded the compensation justly payable to him on account of the death of his son, Clyde Caldwell, deceased.

As stated above, the claims of the widow and father were heard together by the commission with an ultimate finding on review by the commission that neither of the claimants was entitled to compensation. The ground for the refusal of compensation to the father was that his claim was not filed within six months after the death of the deceased employee.

This appeal presents for our consideration section 3337, Revised Statutes 1929, which provides that "no proceeding for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment. In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity."

It is no longer open to question but that the provisions of section 3337, to the effect that no proceedings for compensation shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, is jurisdictional; is the essence of the right of action, and a condition upon the liability created by the Act, and is a condition precedent to the right to maintain and prosecute a compensation proceeding. [Higgins v. Boiler Co., 328 Mo. 493, 41 S. W. (2d) 565; Wheeler v. Ry. Co., 328 Mo. 888, 42 S. W. (2d) 579.]

We are constrained to the view that the father, if in fact he was a dependent of his deceased son, the employee herein, and as such dependent desired compensation under our Workmen's Compensation Act for the death of his son, had to file his claim for compensation with the commission within six months from the date of the employee's death. This interpretation of section 3337 is supported by the fact that the preceding section (3336), which among other things provides that "no proceeding for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, shall be given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident," contains the qualifying clause, "*unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice*," whereas no such qualifying clause is annexed to the six months' limitation for filing claims in section 3337.

The Texas cases cited by counsel for the appellant claimant, Bomar, and which cases it is argued hold a contrary view, are not

in point here because under section 4 A III of article 8307, Revised Statutes of Texas, which provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless (1) a notice of the injury shall have been given within thirty days after the happening thereof, and (2) unless a claim for compensation with respect to such injury or death shall have been made within six months after the occurrence of the same, provided however *"that for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice and the filing of the claim before the board."* Had our Legislature so desired they could have combined sections 3336 and 3337 into one section, as is done in the Texas Act, and have provided for exceptions to the six months' limitation for the filing of a claim, as well as to the requirement of the thirty days' notice. This, however, our Legislature did not do but set up the thirty days' limitation period for notice in a separate section of its own, subject, however, to certain exceptions, whereas the six months' period of limitation for the filing of a claim is put in a separate section and provides for no exceptions or excuses for the failure to comply therewith.

Furthermore omission of any exceptions to the six months' limitation statute as to the filing of claims is in harmony with the main purpose of limitation statutes, which is to prevent the filing of fictitious claims at a late date when investigation as to their genuineness has been rendered difficult by lapse of time. [Wheeler v. Mo. Pac. Ry. Co. (Mo. App.), 33 S. W. (2d) 179.] This purpose of the limitation statute would be defeated to a large extent if the contention of appellant were to prevail, namely, that if any claim for compensation has been filed before the Workmen's Compensation Commission within six months from the date of the injury or death of the employee, then thereafter, so long as such claim remains undisposed of, other or additional claims may properly be filed, though said filing be beyond the six months' limitation period set up in section 3337. The idea of preventing the filing of fictitious claims applies not alone to claims of injured employees but equally as well to the claims of alleged dependents in the event of the death of an employee as the result of accident. In fact there is more reason to apply the strictness of the rule to death cases than to claims of employees for compensation for injuries, for the employer is more likely to have knowledge of the facts of any alleged accident, which must have arisen out of and in the course of the employment, than the employer would have as to who, if any, were dependents entitled to compensation by reason of the death of an employee.

We rule that the running of the Statute of Limitations was not tolled by the fact that the widow had filed her claim for com-

pensation within the six months' period after the death of the employee, and that the claim of the father, admittedly having been filed more than six months after the death of the employee, was barred by the limitation section of the Act, section 3337.

But appellant contends that even if his claim was filed out of time, that the filing of a claim by the purported dependent widow was a fraudulent act as a matter of fact, known to the insurer, and that the concealment of such knowledge from him until after the six months' period of limitation had run, constituted actual fraud so as to toll the Statute of Limitations until he, the father, discovered said fraud.

This point is without merit in that the record does not disclose that the employer or insurer were guilty of any fraudulent act that tended to prevent claimant from filing his claim with the Workmen's Compensation Commission. The father knew of his son's death because the body was shipped to him for burial. Then too, the alleged widow did not file her claim for compensation until five months and twenty-five days had elapsed from the date of the death of the employee. Furthermore the full commission found that the alleged widow was in fact the wife of the employee at the time of his death, but found against her claim for compensation on the ground that a long time prior to his death the husband and wife had separated and lived apart by mutual consent, but that during such period of separation the husband had requested her to return to him, but that the wife refused to return. Under these circumstances the commission held as a matter of law that the husband was not legally liable for her support and therefore, in contemplation of the Workmen's Compensation Act, she was not a dependent. This ruling of the commission however was reversed by this court on appeal. 227 Mo. App. 120, ante, 50 S. W. (2d) 725. In light of what we have said it follows that the wife's claim for compensation was not fraudulent and the point is accordingly ruled against appellant.

It is next contended that even though we hold that the claimant, Frank Bomar, appellant here, filed his claim out of time and that therefore his claim for compensation was properly denied, yet under his petition for intervention and substitution, he should have been substituted in lieu of and instead of Mattie Lee Brown Caldwell, claimant widow of the deceased.

An examination of claimant's petition for intervention and substitution discloses that the petition embodies a motion to be substituted and a motion to be joined as an additional party in the widow's claim. As a motion to be substituted it alleges that the claimant, Mattie Lee Brown Caldwell, is not the legal and lawful wife of the deceased, and that the payments under said claim should not be in her favor but should be made to the petitioner as the

dependent father of said deceased. It is clearly an attempt to substitute one cause of action for another, and for that reason should be denied. But as a motion to be made an additional party to the widow's claim, the petition for intervention and substitution prays that the claimant father "be permitted to intervene in said cause and be joined with the said claimant above mentioned, and that the cause proceed to final judgment, and that on final judgment the petitioner be awarded the compensation justly payable to him on account of the death of his said son, Clyde Caldwell, deceased." Section 3319 (d) 1, Revised Statutes of Missouri 1929, whereby the wife is conclusively presumed to be totally dependent for support upon the husband legally liable for her support, provides, however, *"that on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefit under this chapter."* And the six months' limitation statute, section 3337, provides that "in all other respects such limitations shall be governed by the law in civil actions other than for the recovery of real property." . . .

In light of the facts in the case and the said provisions of our statutes, we are constrained to the view that the motion, so far as it seeks the right to intervene in the widow's claim and be joined with her as an additional party, and that the cause proceed to final judgment, and the petitioner be awarded the compensation that might justly be payable to him on account of the death of his said son, Clyde Caldwell, deceased, should be sustained, since the intervention amounts to but the addition of another party plaintiff in the case and cannot be viewed as changing the cause of action. [Section 819, Revised Statutes of Missouri 1929.]

In other words, the claimant father should be permitted to be made an additional party in the claim of the alleged widow, not asserting any claims contrary to that of the alleged widow but consistent with her claim as a total dependent, so that the commission, upon hearing the claim of the alleged widow, can at the same time determine whether or not the father was a dependent of the employee son during his lifetime, so that in the event the widow's claim is allowed and she should die or remarry, and there be any portion of the award unpaid, that he be entitled thereto. [Turner v. Noble, 211 Mo. App. 656, 249 S. W. 103, and cases therein cited; Eulinberg v. Life Ins. Co. (Mo. App.), 261 S. W. 725.]

It follows that the judgment of the circuit court, in so far as it affirms the finding of the commission against the separate claim filed by the father of the deceased employee, after six months had elapsed from the date of the employee's death, should be affirmed, but the case should be remanded to the Workmen's Compensation Commission for further proceedings in keeping with the views here-

in expressed with reference to the father's petition to be made a party to the alleged widow's claim. It is so ordered. *Haid, P. J.,* and *Nipper, J.,* concur.