164 So. 757

## TENNESSEE COAL, IRON & R. CO. v. KING.

### 6 Div. 818.

Court of Appeals of Alabama.

Oct. 29, 1935.

Rehearing Denied Nov. 12, 1935.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

Horace C. Alford, of Birmingham, for appellee.

SAMFORD, Judge.

The cause was determined in the circuit court on the following facts as found by the court:

"Roy King, hereinafter sometimes referred to as the deceased, was in the employ of the defendant on March 18, 1930, and on said date received injuries arising out of and in the course of his employment by the defendant; and as to said injuries, said Roy King and his dependents and the defendant were and are subject to the compensation act of Alabama.

"Roy King was totally and permanently and continuously disabled as a proximate consequence of said accident from the time of said accident until the time of his death which occurred on August 2, 1934, as a proximate consequence of said accident and injuries.

"At the time of the accident Roy King had dependent upon him his wife, the petitioner herein, and three children of names and ages as follows: Cecil King, a son who became 18 years of age on December 3, 1931; Clifford King, a son who became 18 years of age on November 22, 1933, and Roy King, Jr., a son, who was born on March 14, 1922. Cecil King and Clifford King continued to be dependent upon their father, Roy King, until each of them reached the age of 18 years respectively. Petitioner, and Roy King, Jr., were dependents of Roy King at all times between the time of the accident and Roy King's death, and were both dependents of said Roy King at the time of said Roy King's death, and have continued in that status up until the present time, and still are in that status.

"The defendant's liability for payment of compensation to Roy King during his lifetime was as follows: $15.00 per week from March 19, 1930 to December 3, 1931 (the date on which Cecil became 18 years of age), or a period of 89³/₇ weeks; $14.00 per week from December 3, 1931 to November 22, 1933 (the date on which Clifford became 18 years of age) or a period of 102³/₇ weeks; $13.00 per week from November 22, 1933 to August 2, 1934 (the date on which Roy King, the employee died) or a period of 36¹/₇ weeks. The grand total of the defendant's liability for payment of compensation to Roy King during his lifetime was $3251.29 running over the period of 228³/₇ weeks that he lived after the accident. Instead of limiting the payments of compensation to Roy King to the amount of its liability of $3251.29, the defendant over-paid Roy King in the amount of $476.91. That is to say, instead of paying Roy King the compensation actually due him, namely, $3251.29 the defendant actually paid him $3828.20, resulting in an overpayment, as above stated, of $476.91. There was no order of Court authorizing said overpayment or advance payment of compensation.

"Said overpayment of $476.91 was intended to be made by defendant and was intended to be received by Roy King as advance payment of compensation to Roy King, Roy King used $176.91 of said overpayment or advance payment for the support and maintenance of his family, including the petitioner and the minor child Roy King, Jr. Three Hundred Dollars of said overpayment or advance payment was paid to Roy King at his, said Roy King's request, to enable said Roy King to discharge certain mortgage payments due upon his home, and which said sum was expended for that purpose, and for said sum of $300.00, Roy King executed a receipt to the defendant, in words and figures as follows: 'Received of Tennessee Coal Iron & Railroad Company, a voucher in the amount of $300.00 payable to me the undersigned Roy King, which is an advanced payment of compensation for personal injuries sustained at Edgewater Mine, March 18, 1930. This 25th day of February, 1933. Signed: Roy King.'

"In its answer the defendant makes the following statements as to its liability for payment of compensation to Roy King during his lifetime, and to petitioner (and the minor child) since Roy King's death:

"Defendant further shows that its liability for compensation on account of injuries and subsequent death of said Roy King was as follows, to-wit: at the rate of $15.00 per week, from the date of his injuries on March 18, 1930 to December 3, 1931 on which date his son Cecil became eighteen (18) years, or a period of eighty nine and three-sevenths weeks, amounting to $1341.43; and was thereafter liable for compensation at the rate of $14.00 per week until November 22, 1933, when his son Clifford became eighteen years of age

or a period of to-wit: One Hundred and two and six-sevenths weeks, amounting to a further sum of to-wit $1440.00; and thereafter was liable for compensation at the rate of $13.00 per week until the date of his death on, to-wit: August 2nd, 1934, or a period of to-wit thirty six and one seventh weeks, amounting to an additional sum of $469.86, for a grand total of compensation payments due at the time of the death of said Roy King of to-wit $3251.29.

"After the death of said Roy King on to-wit August 2nd, 1934 the defendant says it was liable for compensation at the rate of 40% of his average wage, or $11.02 per week for the remainder of a period of 300 weeks from date of injury March 18, 1930 or 71⁴⁄₇ weeks, amounting to $788.04; making a grand total for injury and death benefits of $4039.33.

"Stated otherwise in tabulated form, defendant says that its liability for the injury to Roy King and his subsequent death therefrom was as follows:

| | |
|---|---|
| 89⁴⁄₇ weeks @ $15.00 | $1341.43 plus |
| 102⁶⁄₇ weeks @ $14.00 | 1440.00 plus |
| 36¹⁄₇ weeks @ $13.00 | 469.86 or |
| | $3251.29 |

"being compensation payments due up to date of death of Roy King and

| | |
|---|---|
| 71⁴⁄₇ weeks @ $11.02 | $788.04 |
| for a grand total of | $4039.33 |

"As against the defendant's admitted liability to the deceased and his dependents for compensation in the amount of $4039.-33, the defendant claims credits as follows: $3251 amount paid Roy King and which was actually due Roy King up to the time of his death being compensation for 228⁶⁄₇ weeks.
476.91 amount of advances of payments as compensation made to Roy King prior to his death.
215.65 amount of compensation payments to plaintiff since death of Roy King being compensation for 19⁴⁄₇ weeks

$3943.85 Total credits claimed by the defendant.

"Petitioner admits the payment of $3251.29 to Roy King during his lifetime, and admits that $215.65 has been paid to petitioner since Roy King's death covering compensation for 19⁴⁄₇ weeks at the rate of $11.02 per week. Petitioner admits that defendant made an overpayment or advance payment of compensation to Roy King during his lifetime of $476.91, but denies that said amount should be credited to the defendant's admitted total liability of $4039.33.

"The Court finds that the facts as stated above, and that the admissions of the parties as stated above are true and correct. For reasons stated in the opinion below, the court disagrees with the defendant's contention that defendant is entitled to have said overpayment or advance payment of $476.91 credited against its liability to the petitioner."

There is, therefore, but one question presented for decision and that is whether the payment of $476.91 made to Roy King in his lifetime and constituting an overpayment of that amount over and above the amount due him under section 7551 of the Code of 1923 should be deducted from the amount due and payable to his wife and minor children after his death as is provided by statute by reason of section 7551 (f), which section provides that all payments made as compensation after injury and prior to death of the employee shall be deducted from the compensation, if any, due on account of death and construed in the light of and in connection with section 7550, which provides that parties shall have the right to settle all matters of compensation between themselves, subject to certain restrictions named in the statute, one of which is that the amounts named in the settlement must be substantially those named in the statute as being the amount to which the employee is entitled.

■ It will be observed that the liability of the employer runs primarily to the injured employee and while he lives the compensation is payable to him and so long as the compensation paid remains substantially that fixed by the statute, the employer and employee have a right to settle all matters relating to the payment, subject to the limitations and restrictions named in the statute. Up to that point dependents may not interfere.

■ There is, however, a continuing and contingent liability in favor of dependents which may not be abrogated or annulled by any agreement as to payments of compensation to which they were not parties or their rights determined by order of a court of competent jurisdiction.

584

■■ As we view this case, it appears that it is the clear intent of the Workmen's Compensation Act (Code 1923, § 7534 et seq., as amended) to make reasonable provision for an injured workman and his dependents for such period of time as will allow them without actual want to readjust themselves by reason of having lost the bread winner of the family and in doing this it has stipulated the payments in such amounts as to protect such beneficiaries against possible profligacy on their part, or loss from other sources. The statute fixes what the compensation should be and the injured employee has no right or power to make a contract with his employer without the approval of a judge named in section 7550 of the Code, which would in any way reduce or militate against the amounts to be paid a dependent in case of his death. Those amounts are fixed by statute above referred to, and when the compensation due the employee has been made in substantial compliance with the statute, the period of the dependents' compensation should be reduced by the number of weeks ascertained by dividing the aggregate amount paid the husband by the amount of weekly compensation due the wife. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7. We see no conflict in the above and the decision in Oilmen's Ass'n v. Coe (Tex.Civ.App.) 29 S.W. (2d) 430.

It is presented and argued with great force that under urgent necessity in cases of severe injury to an employee, the employer should be allowed to anticipate future payments of weekly compensations to meet the emergency coming so suddenly upon the family of the injured wage earner. However much we may sympathize with that view, we do not so read it in law and by that we must be bound.

While this court is not bound by the decisions of courts of other states, they are for the most part strongly persuasive and the opinion in the case of Milwaukee C. & G. Co. v. Industrial Commission, 160 Wis. 247, 151 N.W. 245, is in line with the holding of the circuit court and with what we have written. The same principle is announced in the text. 71 Corpus Juris 534 (278). This text is supported by ample authority.

The writ is denied.