164 So. 760

### TENNESSEE COAL, IRON & R. CO. v. KING.

#### 6 Div. 870.

Supreme Court of Alabama.

Dec. 19, 1935.

Benners, Burr, McKamy & Forman, of Birmingham, for the motion.

Horace C. Alford, of Birmingham, opposed.

BROWN, Justice.

The plaintiff's husband, Roy King, a workman in the service of the defendant, on March 18, 1930, sustained an injury as the result of an accident arising out of and in the course of his employment, resulting in total permanent disability. Said in-

jury proximately resulted in his death on the 2d day of August, 1934.

The workman at the time of his injury had four dependents, his wife and three sons. Two of the sons became eighteen years of age before the workman's death.

The trial court ascertained the liability of the defendant up to the time of King's death as follows:

"89⅗ weeks at $15.00 per week..................$1,341.43 plus
"102⅗ weeks at $14.00 per week.................. 1,440.00 plus
"36⅓ weeks at $13.00 per week ................. 469.86

Total—$3,251.29."

The trial court also ascertained the defendant's liability to the surviving dependents—the widow and one minor son—to be 71⅖ weeks at $11.02, total $788.04.

The defendant advanced to the injured workman over and above its liability the sum of $476.91, in respect of which the trial court and the Court of Appeals find:

"Said overpayment of $476.91 was intended to be made by defendant and was intended to be received by Roy King as advance payment of compensation to Roy King, Roy King used $176.91 of said overpayment or advance payment for the support and maintenance of his family, including the petitioner and the minor child, Roy King, Jr. Three Hundred Dollars of said overpayment or advance payment was paid to Roy King at his, said Roy King's, request, to enable said Roy King to discharge certain mortgage payments due upon his home, and which said sum was expended for that purpose, and for said sum of $300.00, Roy King executed a receipt to the defendant, in words and figures as follows: 'Received of Tennessee Coal Iron & Railroad Company, a voucher in the amount of $300.00 payable to me the undersigned Roy King, which is an advanced payment of compensation for personal injuries sustained at Edgewater Mine, March 18, 1930. This 25th day of February, 1933. Signed: Roy King.'"

The defendant employer insisted on the trial and in the Court of Appeals that its liability to the surviving dependents should be tolled, not only by the payments made to the injured workman for which it was liable under the Workmen's Compensation Act (Code, § 7534 et seq.), but by the advanced payment. This contention was denied by both the trial court and the Court of Appeals.

There is no question of settlement of liability in full, such as is contemplated by section 7550, Code. The advance payments were made to the injured workman to be absorbed by subsequent installments of liability as they accrued, and while the motive prompting the advance payments was praiseworthy, the question is governed by the provisions of subsection (f) of section 7551 of the Code of 1923, that "in case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and during the period of disability caused thereby death results proximately therefrom, *all payments previously made as compensation* for such injury shall be deducted from the compensation, if any, due on account of death." (Italics supplied.)

The right of action accruing under the statute to the dependents, as the Court of Appeals and the trial court held, is separate and distinct from that accruing to the injured workman. One results from the death of the workman, the other from his injury. The right of the surviving dependents does not arise until the death of the workman, while his right accrued immediately upon his injury. The clear legislative intent expressed is to toll the liability to the dependents by the payments made to the injured workman in due course as they matured. The Legislature, in the enactment of the Workmen's Compensation Act, was not dealing with loans, advances, or charities, but established a new system of liability, as between master and servant treating injuries to workmen arising out of and in the course of their employment as the products of industry, in derogation of the doctrine of the common law that negligence or wrongful acts proximately causing such injuries were the only just foundation of legal liability for such injuries.

Writ denied.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.