8 So.2d 845

**BRAXTON v. SLOSS–SHEFFIELD STEEL & IRON CO.**

6 Div. 44.

Supreme Court of Alabama.

June 18, 1942.

Lipscomb & Lipscomb and Theo J. Lamar, all of Bessemer, for appellant.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

BROWN, Justice.

This is a proceeding by the dependent wife against the employer of the husband, now deceased, under the Workman's Compensation Act. Code 1940, Tit. 26, § 253 et seq.

The case was disposed of on demurrer to the complaint as last amended. After demurrer sustained the petitioner refused to further amend, and her petition was dismissed.

The facts alleged are: The workman suffered an injury causing total disability, the loss of both eyes; by accident arising

118

out of and in the course of his employment on the 20th day of July, 1938, and was entitled to 55% of his average weekly earnings, for 400 weeks, and thereafter, five dollars per week for the remainder of 550 weeks. Code of 1940, Title 26, § 279(D)1 and (E). He was paid compensation at the rate of $8.23 for 233 weeks, or a total of $1,917.59.

The said workman died, as the proximate result of his injury, on January 20, 1940, leaving the petitioner, his wife as his sole dependent, who under the facts, if entitled to compensation, was entitled to receive a minimum of $5 per week not exceeding 300 weeks. Code of 1940, Title 26, § 283, Sub. A1 and B.

The appellant's contention is that under the provisions of § 279, subsection (F), the amount of her compensation is ascertainable by deducting the number of weeks the husband was paid, 233, from 300, leaving 67 weeks, for which she should receive $5 per week, or a total of $335.

Appellant relies on Tennessee Coal, Iron & R. Co. v. King, 231 Ala. 303, 164 So. 760; Id., 26 Ala.App. 581, 164 So. 757.

Said § 279(F), provides: "In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and during the period of disability caused thereby death results proximately therefrom, *all payments previously made as compensation for such injury shall be deducted from the compensation, if any,* due on account of death." [Italics supplied.]

The utterance in King's case, supra, stressed by appellant as sustaining her contention is:

"The clear legislative intent expressed is to *toll* the liability to the dependents by the payments made to the injured workman in due course as they matured." 231 Ala. 304, 164 So. 761. The question under consideration in that case was whether or not a loan or advancement made to the workman could be deducted from the compensation of the dependent, and "toll" was used in the sense of the statute that the payments of compensation made in the regular course not advancements or loans, should be "deducted." [Italics supplied.]

Applying the formula laid down in Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7, 8: "Her period of compensation should be reduced by the number of weeks ascertained by dividing the aggregate amount paid the husband by the amount of weekly compensation due the wife." That is, divide $1,917.59, by $5 the quotient is 383, 83 weeks in excess of 300, hence the petitioner is not entitled to receive compensation.

The ruling of the circuit court is in accord with this view and the judgment is due to be affirmed.

Affirmed.

All Justices concur, except KNIGHT, J., not sitting.