37 So.2d 596

**WADE & RICHEY et al. v. OGLESBY.**

**6 Div. 768.**

Supreme Court of Alabama.

Nov. 18, 1948.

Ross, Ross & Ross, of Bessemer, and Wm. Henry, Beatty, of Birmingham, for appellant.

Lipscomb & Brobston, of Bessemer, for appellee.

STAKELY, Justice.

On December 28, 1945, G. H. Oglesby filed suit against Wade and Richey, a partnership composed of R. A. Wade and others under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., claiming injuries by reason of an accident arising out of and in the course of his employment on towit February 11, 1945. Upon a hearing of the cause the court found for the plaintiff and in its decree, among other things, said:

"* * * The Court is of the opinion that the plaintiff is entitled to recover of the defendant in a degree as herein stated. Plaintiff's average weekly earnings is $32.-13 and he has dependent upon him a wife and three children under 18 years of age, therefore, it is ordered, and adjudged that the plaintiff have and recover of the defendant 100 x $18.00 or $1,800.00 at the rate of $18.00 per week from July 1, 1945, and in addition thereto the sum of $200.00 as costs of reasonably necessary medical, surgical and hospital treatment and attention of the plaintiff incurred by plaintiff in the treatment of his said injury, making a total of $2,000.00.

"In fixing the period of total disability at 100 weeks the Court is judicially determining that it is the period of total disability caused by the injury complained of, though the actual period of total disability may be longer."

Compensation payments as provided by the decree were regularly paid for 90 weeks, totalling $1620. G. H. Oglesby died March 31, 1947.

On May 19, 1947, Flora Oglesby (appellee here), suing in behalf of herself as widow of G. H. Oglesby and her three minor children, filed suit for compensation claiming that the death of her husband proximately resulted from the injuries sustained by him on February 11, 1945, which had been the basis of the award in her husband's case. Among other issues raised by appellants in answer to the complaint of Flora Oglesby was the special defense of res adjudicata based on the decree of the court in the suit brought by G. H. Oglesby. The court sustained appellee's demurrer to this special defense. The only question for decision presented here is whether the decree in favor of G. H. Oglesby in the adversary proceeding instituted by him is a bar to the action by his dependents to be granted compensation for his death.

Citing Sloss Sheffield Steel & Iron Co. v. Nations, 243 Ala. 107, 8 So.2d 833; Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730; Sloss-Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770, and other similar authorities, appellant contends that the judgment in the adversary proceeding instituted by G. H. Oglesby in his lifetime is final and conclusive and subsequent proceedings can only be for recovery of moneys thereby determined to be due. This view, however, fails to consider a fundamental feature of proceedings under the Workmen's Compensation Act. While the judgment in the suit brought by G. H. Oglesby was final and conclusive as to him, it cannot be final and conclusive as to his dependents on his death, because his claim and their claim under the statute are separate and distinct. His claim results from his injury. Their claim results from his death. Tennessee Coal, Iron and R. Co. v. King, 231 Ala. 303, 164 So. 760; Lewis v. Connolly Contracting Co., 196 Minn. 108, 264 N.W. 581.

Section 279 (F), Title 26, Code of 1940, is as follows:

"(F) Compensation for Death after Disability.

"In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and during the period of disability caused thereby death results proximately there-

358

from, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death."

This statute is an express recognition of the principle that the claim of the workman and the claim of his dependents on his death are separate and distinct, except that all payments previously made to him as compensation for his injury shall be deducted from the compensation, if any, due on account of death. Braxton v. Sloss-Sheffield Steel & Iron Co., 243 Ala. 117, 8 So.2d 845; Lewis v. Connolly Contracting Co., supra. It is true that in Tennessee Coal, Iron & R. Co. v. King and Lewis v. Connolly Contracting Co., supra, the proceedings were not adversary but were to approve a settlement theretofore made between the parties as provided by § 278, Title 26, Code of 1940. Here the proceedings instituted by G. H. Oglesby are adversary and brought under the provisions of §§ 297 and 304, Title 26, Code of 1940. This would make no difference, however, on the question under consideration since, as pointed out, the causes of action by the workman and his dependents on his death under the Workmen's Compensation Act, are separate and distinct. Final determination of his rights under the statute could not conclude their rights under the statute. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7.

Affirmed.

FOSTER, LAWSON, and SIMPSON, JJ., concur.