167 So.2d 702

**Ex parte WOODWARD IRON COMPANY.**

**6 Div. 120.**

Supreme Court of Alabama.

Sept. 24, 1964.

Norman K. Brown, Bessemer, and Carl G. Moebes, Woodward, for petitioner.

134

Brobston & Brobston, Bessemer, and Richard L. Jones, Birmingham, for respondent.

MERRILL, Justice.

Petitioner, Woodward Iron Company, filed a petition for writ of mandamus to Honorable Frank B. Parsons, Special Judge, of the Tenth Judicial Circuit, Bessemer Division, to show cause why he should not vacate an order substituting the widow of a deceased employee as plaintiff in an action instituted by her husband against petitioner for Workmen's Compensation. We granted the writ and the cause was submitted on petition, demurrer, motion to quash rule nisi and answer of respondent.

The employee, H. H. Norred, filed a complaint in August, 1961, against petitioner for compensation for disabilities arising from occupational pneumonoconiosis. Petitioner filed a demurrer to the complaint

but before any action was taken by the court, Norred died on February 8, 1962. In May, 1962, Norred's widow filed a suggestion of death and a petition asking that the "cause be revived in her name as dependent widow, and prayed leave to be substituted as plaintiff in said cause," and asked that she be listed as plaintiff in the cause. Petitioner · filed objections and a motion to strike the petition to revive.

On May 29, 1964, the court entered an order that "Nellie Norred, as dependent widow be substituted as plaintiff in this cause in lieu of H. H. Norred, and that said cause be and the same is hereby revived with the said petitioner as plaintiff therein, and the said Nellie Norred be, and she is hereby authorized to proceed as plaintiff therein to final determination of this cause."

█ A claim of an employee for compensation for injuries, and the claim of his widow or other dependents after his death on account of such injuries are separate and distinct causes of action. The employee's claim results from his injury; his dependent's claim results from his death. Wade & Richey v. Oglesby, 251 Ala. 356, 37 So.2d 596; United States Steel Corp. v. Baker, 266 Ala. 538, 97 So. 2d 899.

█ The right of the surviving dependents does not arise until the death of the workman, while his right accrued immediately upon his injury. Tennessee Coal, Iron & R. Co. v. King, 231 Ala. 303, 164 So. 760.

Title 26, § 313(10), Code 1940, provides that in case of death, all claims for compensation shall be forever barred, unless, in the absence of agreement between the parties, a verified complaint is filed as provided by Tit. 26, § 304. Section 304 provides that after the verified complaint is filed, the "cause shall proceed in accordance with and shall be governed by the same rules and statutes as govern a civil action between the parties."

The widow did not follow the statutory procedure, but sought by amendment to have herself substituted as plaintiff in her deceased husband's action.

█ Our statute on amendments, Tit. 7, § 239, Code 1940, is liberally construed, but the limitation placed upon the right of amendment is that "there shall not be wrought a different cause of action or ·entire change of parties." Isbell v. Bray, 256 Ala. 1, 53 So.2d 577.

█ A cause of action arising after suit is brought, or which had not accrued so as to be joined in the original suit, cannot be added by amendment at law. Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13, and cases there cited.

██ Here the wife's · cause of action did not arise and had not accrued when the original suit was filed, and she had no right to be substituted as plaintiff in the original action. The two different claims, the husband's and the wife's, could not exist at the same time. His rights terminated at his death, and hers did not exist prior to his death.

It is argued that our case of Braswell v. Brooks, 266 Ala. 141, 94 So.2d 879, supports the action of the trial court in permitting the substitution of the widow as plaintiff in the original suit of her deceased husband. But that case is different in an important aspect. There the husband filed no suit prior to his death. After his death, the original suit was filed in the name of his administrator, and the court allowed an amendment whereby his administrator sued individually and for the use and benefit of the deceased's minor children. We held that the children were the real parties in interest, that the original suit had been brought in their behalf and to all intents and purposes the children were before the court. But here the real party in interest changed when Norred died, and there was a change in the real party in interest *after* the original suit was filed. The right of the widow did not ac-

crue until after her husband's death and her right was entirely different from that of her husband, and her cause of action was distinct and different from the only cause of action in the instant suit.

The rule, in states where the compensation act does not contemplate that there shall be only one proceeding even though there are two separate grounds for compensation as in Minnesota, is stated in 100 C.J.S. Workmen's Compensation § 434, p. 297: "After the death of the employee who instituted the proceedings to recover compensation for injuries, in the absence of statutory authority his legal beneficiaries may not be substituted as plaintiffs in order that they may recover death benefits." Cases supporting this rule are Swain v. Standard Accident Ins. Co. (Tex.Civ.App.), 81 S.W.2d 258, affirmed 130 Tex. 277, 109 S.W.2d 750; Collier v. New Amsterdam Gas Co. (Tex.Civ.App.), 84 S.W.2d 1087; Caldwell v. J. A. Kreis & Sons, 227 Mo. App. 127, 50 S.W.2d 728; Warning v. Royal Indemnity Co. (La.App.), 75 So.2d 242.

Respondent argues that the Supreme Court of Minnesota has decided as did the trial court, in the cases of Nyberg v. Little Falls Black Granite Co., 202 Minn. 86, 277 N.W. 536, and Gustafson v. Ziesmer & Vorlander, 213 Minn. 253, 6 N.W.2d 452; and since our Workmen's Compensation statutes were taken largely from those of Minnesota, we should follow those decisions. One answer to that contention is that the procedure under Minnesota statutes is different from ours in many respects, and the cited Nyberg case holds that " * * * the act contemplates only one proceeding to determine and enforce the various rights arising from each casualty compensable under its provisions, * * *"; and Sec. 4313 of the Minnesota Workmen's Compensation Act provides that the commission " * * * shall not be bound by common law or statutory rules of evidence or by technical or formal rules of pleading or procedure, except as provided by this act; * * *."

As already shown, our Workmen's Compensation Act differs in this particular because it prescribes the required court procedure by the widow and requires that her case "shall proceed in accordance with and shall be governed by the same rules and statutes as govern a civil action between the parties." That the actions in this case are "separate and distinct" is shown in Wade & Richey v. Oglesby, 251 Ala. 356, 37 So.2d 596.

It follows that the order of the trial court substituting the widow as plaintiff in the original suit was unauthorized and void, and the proceedings show on their face that the order should not have been made.

The only other point requiring mention is the respondent's argument that mandamus is not the proper remedy and is never a proper remedy in Workmen's Compensation cases. As to the latter point, we have held that mandamus lies to require a trial judge to vacate and annul an unauthorized order in a Workmen's Compensation case. Burger-Phillips Co. v. Phillips, 234 Ala. 563, 176 So. 181.

Here we have an order, void on the face of the proceedings, and the question is whether the remedy in this court is by appeal or mandamus. Prior to 1943, there was irreconcilable conflict in our cases, but the rules from 1943 forward were announced in Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. The first rule says that "Where the motion to vacate the original decree is granted and a new trial is ordered, or the original cause is in any wise reinstated for further proceedings, the correct method of review is by mandamus." Here, the original cause was reinstated for further proceedings by the allowance of a new party plaintiff, so the correct method of review is by mandamus.

The order of the trial court substituting Nellie Norred as plaintiff in the cause of H. H. Norred v. Woodward Iron Company, a Corporation, should be expunged. If, up-

on being advised of this opinion, the trial judge should fail to vacate or expunge the order, a peremptory writ will be ordered by this court upon further application.

Writ of mandamus awarded conditionally.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.