This is a workmen's compensation case.
Pertinent averments of the employee's complaint were that, while working on his job for the employer on February 8, 1974, he was accidentally injured. He last *Page 929 
worked for the employer on November 25, 1975 and, after that date, the employer paid to him $6,649 for 84 6/7 weeks of temporary total disability. From November 25, 1975, to July 14, 1981, the last date of compensation payments to him, he was compensated weekly by his employer for a 25% permanent partial disability to his body as a whole. That permanent partial disability compensation totaled $4,214 for those 215 1/7 weeks. He contends that those weekly payments were incorrect in that they should have been based upon a 75% permanent partial disability to the body as a whole. He sought the sum of $8,432 from the employer as being the difference between what his employer actually paid to him and the amount which he contends should have been paid. There is a lack of averment as to whether the employer commenced and paid the compensation voluntarily or whether the parties reached an agreement as to compensation to be paid to the employee; however, it is clear from the briefs of both parties that no court approved any settlement of the parties, if there was a settlement.
The employer moved to dismiss the action against it on the ground that the complaint failed to state a claim upon which relief could be granted. The trial court entered a final judgment granting the employer's motion and dismissed the employee's cause. The employee appeals.
The position of an appellate court in reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Jones v. Lee CountyCommission, 394 So.2d 928 (Ala. 1981).
Insofar as our extensive research and the briefs of counsel reveal, this is a case of first impression in Alabama. We must look to the Workmen's Compensation Act for guidance.
Where compensation payments have been made, the statutory limitation of one year within which an employee may file a complaint does not take effect until the expiration of one year from the time of the making of the last payment. § 25-5-80, Code of Alabama 1975; Cement Products Company v. Martin,397 So.2d 149 (Ala.Civ.App. 1981); Cunningham v. Milstead PulpwoodCompany, 366 So.2d 737 (Ala.Civ.App. 1979). The last payment of compensation in this case was alleged to have been made on July 14, 1981. The employee's complaint was filed on May 25, 1982, which was within one year from the date of the last payment of compensation. Accordingly, insofar as § 25-5-80 is concerned, the complaint was filed within the prescribed time.
The pivotal Code section is as follows:
 "The interested parties shall have the right to settle all matters of compensation and all questions arising under this article between themselves, and every settlement made under this article shall be in amount the same as the amounts or benefits stipulated in this article. No settlement for an amount less than the amounts or benefits stipulated in this article shall be valid for any purpose, unless a judge of the circuit court of the county where the claim for compensation under this chapter is entitled to be made, or upon the written consent of the parties a judge of the circuit court of any county determines that it is for the best interest of the employee or his dependents to accept a lesser sum and approves such settlement. The court shall not approve any such settlement unless and until it has first made inquiry into the bona fides of claimant's claim and the liability of the defendant, and if deemed advisable the court may hold a hearing thereon. Any settlements hereunder may be vacated for fraud, undue influence or coercion, upon application made to the judge approving the settlement at any time no later than six months after the date of settlement. Upon such settlements being approved, judgments shall be entered thereon and duly entered on the records of said court in the same manner and have the same effect *Page 930 
as other judgments or as an award if the settlement is not for a lump sum. . . . All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation. In order to encourage advance payments, it is expressly provided that such payments shall not be construed as an admission of liability but shall be without prejudice."
§ 25-5-56, Code 1975.
From those provisions, the following principles appear or evolve.
If workmen's compensation payments are voluntarily made without court approval by an employer to an injured employee in the same weekly amounts and for the same period of time as are provided for a particular injury by the statute, those advance payments would fully pay the compensation obligation of the employer to the employee for that injury. However, if the monies so voluntarily paid without court approval amounted to less than the total amount which should have been paid under the statute, the employer would be liable to the employee for the difference between those total figures, and the employee could institute a timely civil action for that balance.
Under that Code section, the same rules and results would apply and occur if the making and acceptance of compensation payments were here construed to constitute a settlement between the parties. It has long been the rule in Alabama that a settlement by the parties for less than the amount established by the Workmen's Compensation Act must be approved by the court in order to be binding. Ex parte Central Iron Coal Company,209 Ala. 22, 95 So. 472 (1923). The statute so provides. In the meantime, however, the Act has been amended so that payments made pursuant to an inadequate settlement which was not court approved may properly be considered as advance payments upon the amount of compensation actually due under the statute. §25-5-56, supra; 2 A. Larson, Workmen's Compensation § 82.60, 15-73 (1982). The reverse is also true regarding settlements, for if the non-court-approved compensation which an employee was paid was the same as, or exceeded, that compensation as fixed by the statute, the provisions of § 25-5-56, supra, have been completely satisfied. The employer and the employee have a right to settle all matters relating to payment, subject to any restrictions or limitations contained in the act. TennesseeCoal, Iron Railroad Co. v. King, 26 Ala. App. 581,164 So. 757, cert. denied, 231 Ala. 303, 164 So. 760 (1935). One of the limitations contained in section 25-5-56 upon a settlement between the parties without court approval is that it must be in amount the same as the amount or benefits stipulated in the Act.
The employee alleged in his complaint that the weekly permanent partial disability payments were not in the amount that he was actually entitled to receive, since they were computed on the basis of a 25% permanent partial disability to the body as a whole instead of a 75% permanent partial disability which he actually sustained. In ruling upon a rule 12 (b)(6) motion to dismiss a complaint, both trial and appellate courts review the facts as averred in the complaint in a manner which is favorable to the pleader. Rule 8, and committee comments thereto, A.R.Civ.P.; Brad's Industries, Inc.v. Coast Bank, 429 So.2d 1001 (Ala. 1983). Thus, for pleading purposes, we accept those disability averments of the complaint as being true and hold that the complaint in that respect states a cause of action upon which relief can be granted. Since court approval was never obtained, the compensation paid to the employee in this case constituted advance payments, which are due to be credited against the total compensation which the employer was actually supposed to pay to the employee as compensation under the act if that amount exceeds the total permanent partial compensation actually paid. Lacking court approval of any settlement, a right of action rests with the employee to have the court decide if the payments actually *Page 931 
made were less than that which he should have received under the act.
However, the employer, by respected and learned counsel, contends that the employee is estopped from maintaining an action for additional workmen's compensation benefits for his permanent partial disability after he has accepted benefits under the act for both temporary total disability and for permanent partial disability for the full 300 weeks provided for under the statute for such disabilities. That argument ignores the provisions of § 25-5-56, supra, which, "clearly removed settlement of workmen's compensation claims from the ambit of the principles applicable to the settlement and release of ordinary personal injury claims." Sager v. RoyceKershaw Company, 359 So.2d 398 (Ala.Civ.App. 1978). To hold that the employee was here estopped would be to overlook those provisions of §§ 25-5-56 and -80, which we have previously interpreted herein.
If the employee is denied the opportunity to establish that his disability should have been compensated at a 75% rate instead of a 25% rate, possibly he will have been greatly underpaid by the employer without court approval thereof contrary to § 25-5-56, supra. That Code section dictates that any prejudice to the employer in trying the employee's present action compares unfavorably to the possible prejudice to the employee which he now seeks to correct.
We emphasize that we are not expressing an opinion, or even an impression, as to the merits of the validity of the employee's claim, for such is a question of fact for the trial court. We hold, however, that the respected, learned and experienced trial court erred in granting the employer's motion to dismiss the employee's complaint and that judgment is hereby reversed and the matter is remanded to the trial court. The complaint, from a pleading standpoint, did state a claim upon which relief can be granted.
This case is a clear example of the wisdom and prudence of obtaining court approval of workmen's compensation settlements when more than modest payment periods or amounts are required by the act. Had a settlement of the parties been approved by the court as is authorized by § 25-5-56, supra, the court's judgment as to this permanent partial disability could not have been vacated except for fraud, undue influence or coercion upon application made to the trial court within six months from the date of the entering of the judgment.
In his complaint, the employee also sought the payment of $229 for medical expenses which had been incurred by him since July 14, 1981. He is not entitled to that relief, for, in workmen's compensation cases, the statute in effect at the time of the injury is the statute to be applied. JamestownCorporation v. Ward, 373 So.2d 1136, 1140 (Ala.Civ.App.), cert.denied, 373 So.2d 1142 (Ala. 1979); Loggins v. MalloryCapacitor Company, 344 So.2d 522 (Ala.Civ.App. 1977). The accident causing the injury occurred on February 8, 1974. At that time, the statute limited the period of time during which an employer was required to make medical payments to an injured employee to a four-year period after the accident. 1975 Ala. Acts 1062 § 21 at 1767.
We reverse and remand.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur. *Page 932