PITTMAN, Judge.
In Taliaferro v. Goff Group, 947 So.2d 1073 (Ala.Civ.App.2006), this court consid *46 ered an appeal from a judgment of the Shelby Circuit Court determining that under § 25-5-82, Ala.Code 1975, a portion of the Alabama Workers’ Compensation Act (“the Act”), no compensation benefits were payable to the dependents of Luis Martinez Silva (“the employee”), i. e., Reynalda Alanis Duran, Martin Martinez Alanis, and Carlos Martinez Alanis (collectively, “the dependents”), on account of the employee’s death. We reversed the trial court’s judgment on purely procedural grounds in Goff, holding that the dependents were necessary parties that had not yet been joined in the action:
“The present case involves death benefits payable to dependents under the Workers’ Compensation Act. Under Alabama law, those benefits, and the right to bring an action for their recovery, belong solely to the dependents of the deceased worker. Ala.Code 1975, § 25-5-60; Lawrence v. United States Fid. & Guar. Co., 226 Ala. 161, 164-65, 145 So. 577, 580 (1933); Baughn v. Little Calla-ba Coal Co., 213 Ala. 596, 597, 105 So. 648, 649 (1925); and Ex parte Havard, 211 Ala. 605, 607, 100 So. 897, 898 (1924). So long as there are dependents, the deceased worker’s estate is not the proper party to bring a suit to recover death benefits. See id.”
947 So.2d at 1078 (emphasis added). On remand from this court, the dependents were joined as parties, and, ultimately, a new judgment was entered by the trial court that again determined, in pertinent part, that no compensation benefits were payable to the dependents; in that judgment, the trial court stated:
“The Alabama Workers’ Compensation Act provides:
“ ‘Compensation for the death of an employee shall be paid only to dependents who, at the time of the death of the injured employee, were actually residents of the United States. No right of action to recover damages for the death of an employee shall exist in favor or for the benefit of any person who was not a resident of the United States at the time of the death of such employee.’
“Ala.Code[ 1975, § 25-5-82], ...
“None of the dependents [resided in the] United States at the time of the death of [the employee]. Accordingly, as a matter of law, the dependents are not entitled to recover death benefits under the Alabama Workers’ Compensation Act. The dependents contend that [§ ] 25-5-82 is unconstitutional. However, this section has never been deemed unconstitutional, and the Court denies the dependents’ claims for benefits under the Act.”
The dependents timely appealed from the trial court’s judgment on remand. Their sole contention on appeal is that § 25-5-82, by denying death benefits to nonresident alien dependents of deceased workers who are subject to the Act, contravenes equal-protection and due-process guaranties contained in the United States Constitution. However, the dependents, being neither citizens of nor resident aliens in the United States, are not entitled to invoke those constitutional guaranties on their own behalf, because those guaranties are inapplicable to nonresident noncitizens. As the United States Supreme Court noted in United States v. Verdugo-Urquidez, 494 U.S. 259, 271, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990), leading cases of that Court discussing federal constitutional rights of aliens, such as those relied upon by the dependents in this appeal, “establish only that aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country” (emphasis added).
*47 Perhaps cognizant of their tenuous claim to federal constitutional protection in their own individual capacities, the dependents attempt to assert in their brief to this court the rights of the employee not to be discriminated against. Their attempt to do so is perhaps unsurprising given the split of authority among the various American decisions that have addressed state-law restrictions upon full payment of workers’ compensation death benefits to nonresident noncitizen dependents. The majority of those cases have upheld the power of state legislatures to distinguish between resident alien beneficiaries and nonresident alien beneficiaries. Jalifi v. Industrial Comm’n of Arizona, 132 Ariz. 233, 235-36, 644 P.2d 1319, 1321-22 (Ct. App.1982) (60% benefit limitation); Barge-Wagener Constr. Co. v. Morales, 263 Ga. 190, 191-93, 429 S.E.2d 671, 672-73 (1993) ($1,000 benefit limitation); Jarabe v. Industrial Comm'n, 172 Ill.2d 345, 348-51, 666 N.E.2d 1, 3-4, 216 Ill.Dec. 833, 835-36 (1996) (50% benefit limitation); Maryland Cas. Co. v. Chamos, 203 Ky. 820, 821, 263 S.W. 370, 371-72 (1924) (50% benefit limitation); Gregutis v. Waclark Wire Works, 86 N.J.L. 610, 614-15, 92 A. 354, 355-56 (1914) (total bar to benefits); Pedrazza v. Sid Fleming Contractor, Inc., 94 N.M. 59, 61-63, 607 P.2d 597, 599-601 (1980) (total bar to benefits); Alvarez Martinez v. Industrial Comm’n of Utah, 720 P.2d 416, 417-19 (Utah 1986) (50% benefit limitation); cf. Gambalan v. Kelcaha Sugar Co., 39 Haw. 258 (1952) (American territory’s total bar to benefits summarily held constitutional). The Florida and Kansas opinions heavily relied upon by the dependents that hold to the contrary, i.e., De Ayala v. Florida Farm Bureau Casualty Insurance Co., 543 So.2d 204 (Fla.1989), and Jurado v. Popejoy Construction Co., 253 Kan. 116, 853 P.2d 669 (1993), are in the clear minority.
In Jarabe v. Industrial Commission, supra, the Illinois Supreme Court considered the competing lines of authority as to restrictions on payability of workers’ compensation death benefits to nonresident aliens and expressly sided with the majority line of cases, opining that it had been “persuaded by those courts which have concluded that the nonresident aliens challenging the constitutionality of similar statutes lack the requisite standing to do so.” 172 I11.2d at 350, 666 N.E.2d at 3, 216 Ill.Dec. at 835. In rejecting “the notion that a nonresident alien beneficiary may step into the constitutional shoes of the deceased employee,” id., the Jarabe court noted that under Illinois precedent, in contrast to Florida and Kansas precedent, “a deceased employee’s beneficiary under the workers’ compensation statute has no rights derivative of the deceased employee” (id. at 350, 666 N.E.2d at 4, 216 Ill. Dec. at 836), and that a right of action for death benefits “is a statutory benefit exclusively for the dependents and over which the employee has no control and is powerless to release, waive or extinguish” {id. at 350-51, 666 N.E.2d at 4, 216 Ill.Dec. at 836).
Thus, as Jarabe correctly observes, the analytical touchstone separating the majority and minority lines of authority in this area is whether the beneficiaries of a particular deceased worker step into the worker’s shoes in maintaining an action for death benefits under the worker’s compensation laws of the pertinent state. Alabama precedent provides a clear answer to that question. In Ex parte Woodward Iron Co., 277 Ala. 133, 167 So.2d 702 (1964), a worker who claimed in a civil action that he was disabled because of occupational pneumonoconiosis arising out of and in the scope of his employment died during the pendency of that action, and the worker’s surviving spouse sought to be substituted as the plaintiff. The Alabama *48 Supreme Court held that the spouse had no right to be substituted as the plaintiff:
“A claim of an employee for compensation for injuries, and the claim of his widow or other dependents after his death on account of such injuries are separate and distinct causes of action. The employee’s claim results from his injury; his dependent’s claim results from his death. Wade & Richey v. Oglesby, 251 Ala. 356, 37 So.2d 596 [ (1948) ]; United States Steel Corp. v. Baker, 266 Ala. 538, 97 So.2d 899 [(1957)].
“The right of the surviving dependents does not arise until the death of the workman, while his right accrued immediately upon his injury. Tennessee Coal, Iron & R. Co. v. King, 231 Ala. 303, 164 So. 760 [ (1935) ].
“Here the wife’s cause of action did not arise and had not accrued when the original suit was filed, and she had no right to be substituted as plaintiff in the original action. The two different claims, the husband’s and the wife’s, could not exist at the same time. His rights terminated at his death, and hers did not exist prior to his death.”
277 Ala. at 135, 167 So.2d at 703 (emphasis added). We deduce from that analysis that the rights of the dependents in this case to death benefits under the Act are similarly “separate and distinct” from the rights of the now-deceased employee rather than derivative of the employee’s rights. Accord 2 Terry A. Moore, Alabama Workers Compensation § 18:2 (1998) (dependents do not inherit an employee’s inchoate compensation claim for disability benefits but are granted “an independent right to claim death benefits for their own loss when the death is caused under circumstances giving rise to liability under the workers’ compensation laws”).
Viewed in the appropriate legal context, then, § 25-5-82 does not implicate any constitutional rights of the employee; rather, to the extent that that statute bars the dependents from having a valid claim to benefits under the Act upon the employee’s death, the statute acts in a sphere that is not occupied by the due-process and equal-protection guaranties of the United States Constitution. Thus, the trial court properly entered its judgment denying death benefits to the dependents notwithstanding the dependents’ constitutional objections. The judgment of the Shelby Circuit Court is, therefore, affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.