### BJOLSTAD v. PACIFIC COAST S. S. CO. et al.

(District Court, N. D. California, First Division. May 12, 1917.)

No. 15692.

1. ADMIRALTY ⬤⟿21—JURISDICTION—ACTIONS FOR INJURIES CAUSING DEATH—LAW GOVERNING.

The law of a state giving a right of action for wrongful death may be enforced in admiralty, but in such case, where the death occurred on the high seas, the law of the state of the owner's residence governs, and not that of the charterer, although it was the employer of the deceased, and the vessel was temporarily registered there, unless there was deception as to the ownership.

2. MASTER AND SERVANT ⬤⟿388—WORKMAN'S COMPENSATION—NEW JERSEY STATUTE.

The Workmen's Compensation Act of New Jersey of 1911 (P. L. p. 134), by section 2, provides a method of compensation to dependents in case of the death of an employé, which, if accepted, shall be exclusive of any other, and which shall be presumed to have been adopted in every contract of hiring, in the absence of an express agreement or notice by one party to the other to the contrary. It further provides that "compensation under this schedule shall not apply to alien dependents not residents of the United States," and repeals all inconsistent laws. *Held*, that the right of recovery for the death of an alien seaman, where no mention of the subject was made in the contract of employment, and no notice

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

given, was governed by said section 2, to the exclusion of the Death Act of 1848 (P. L. p. 151), and that where the wife and children of the deceased were nonresident aliens there could be no recovery.

In Admiralty. Suit by Andreas Bjolstad, as administrator of the estate of Halfdan Hansen, against the Pacific Coast Steamship Company and the Pacific Coast Company. Decree for respondents.

See, also, 221 Fed. 692.

Andros & Hengstler, Golden W. Bell, Wm. Loewy, and Walter Loewy, all of San Francisco, Cal., for libelant.

Ira A. Campbell, Joseph B. McKeon, and McCutchen, Olney & Willard, all of San Francisco, Cal., for respondents.

DOOLING, District Judge. This is an action in the admiralty, brought by the administrator of the estate of Halfdan Hansen, deceased, who, in November, 1913, while a seaman on the steamer President, was drowned in the high seas, through the negligence, as is averred, of the owners and operators of the vessel. The action seeks to recover damages for the death of deceased in behalf of his widow and minor children. At the time of the accident the President was owned by the Pacific Coast Company, a New Jersey corporation. Her home port was New York, but she was under charter to, and operated by, the Pacific Coast Steamship Company, a California corporation, and was under temporary register at San Francisco. She was engaged in the coastwise trade between San Francisco and other ports on this coast. Hansen was employed by the California corporation, the charterer and operator of the vessel, and had no contractual or other relation with the New Jersey corporation, her owner. Under the general maritime law, of course, the action cannot be maintained, as no right of action exists under that law for damages for the death of a decedent. The laws of California and New Jersey, however, do authorize such an action in behalf of certain heirs and dependents of a decedent, and where such right of action is given even by state laws in admiralty cases they will be enforced in the admiralty courts.

[1] Libelant's first contention is that he can maintain this action because of the provisions of the California law, for the reason that the vessel was under a demise charter to a California corporation, was operated by it, and was under registry at San Francisco, where deceased was hired. But it has always been held that if any law, in addition to the general maritime law or congressional enactments, is to be applied to a vessel on the high seas, it is not the law of the state or country where the charterer resides, but the law of the state or country of the owner. It is argued with much force and great earnestness that it would be inequitable and unjust to apply here any law other than the law of California, because the contract of hiring was between the deceased and a California corporation, and no disclosure was ever made to him that the vessel was not owned by the corporation by which she was operated, and consequently his employment must be presumed to have been entered into, having regard to the provisions of the law of the state in which the corporation was organized, where he was hired, and where the vessel was enrolled.

But no fraud was practiced upon him, and if he inquired about the ownership of the vessel at all, such fact does not appear. There is no question of estoppel, and both he and the owner must be held bound by such law as follows the ship, whatever that law may be. He was not misinformed; and indeed, if he desired to know who owned the vessel, he could have readily acquired that information at the custom house. There seems to be no sufficient reason to depart in this case from the general rule that a vessel at sea is in the view of the law a part of the territory of the state where she is owned, and that the only law applicable to her, other than the general maritime law and such laws as Congress has enacted, is the law of such state. If, therefore, this action can be maintained at all, it not being maintainable under the general maritime law or any act of Congress, it must be because of some provision of the law of New Jersey.

[2] It is libelant's next contention that, if resort be had to the New Jersey law at all, the case must be governed by the Death Act of 1848 (P. L. 151), which gives a right of action generally to the next of kin of deceased, while libelees contend that the law to be applied here is the New Jersey Workmen's Compensation Act of 1911 (P. L. p. 134). Section 1 of this act provides generally for the compensation by the employer of an employé accidentally injured through the negligence of the employer, provided such employé was not himself willfully negligent, and such right of compensation shall not be defeated upon the ground of assumption of risk, or negligence of a fellow employé. Paragraph 4 of said section 1 makes the provisions of that section applicable to any claim for the death of an employé arising under the act of 1848.

Section 2 of the Compensation Act contains these provisions:

"Sec. 2. *Elective Compensation.* * * * 7. When employer and employé shall by agreement, either express or implied, as hereinafter provided, accept the provisions of section 2 of this act, compensation for personal injuries to or for the death of such employé by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained in paragraph eleven, in all cases except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury, and the burden of the proof of such fact shall be upon the employer.

"8. Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in section 2 of this act, and an acceptance of all the provisions of section 2 of this act, and shall bind the employé himself and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency.

"9. Every contract of hiring made subsequent to the time provided for this act to take effect shall be presumed to have been made with reference to the provisions of section 2 of this act, and unless there be as a part of such contract an express statement in writing, prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act and have agreed to be bound thereby. In the employment of minors, section 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor. * * *

"12. In case of death compensation shall be computed but not distributed on the following basis: * * *

"If widow and one child, forty per centum of wages.
"If widow and two children, forty-five per centum of wages.
"If widow and three children, fifty per centum of wages.
"If widow and four children, fifty-five per centum of wages.
"If widow and five children or more, sixty per centum of wages. * * *
"Compensation under this schedule shall not apply to alien dependents not residents of the United States. * * *"

Section 3 repeals all acts or parts of acts inconsistent with the provisions of the Compensation Act.

The effect of this law is that in all cases where the relation of employer and employé exists, and where the statement in writing is made part of the contract of hiring, or the notice has been given as provided in paragraph 9 above quoted, the rights of the parties are fixed by section 1 of the Compensation Act and the Death Act of 1848. But in the absence of such statement and notice the rights of the parties are fixed by the provisions of section 2 of the Compensation Act; because section 1 is not operative where section 2 is, and all contracts of hiring are presumed to have been made with reference to said section 2, and are governed thereby, unless otherwise provided in the contract, or a notice to that effect has been given by one party to the other.

In the present case there was no statement in writing and no notice was given by either party, and the contract of hiring, if we have recourse to the New Jersey law at all, is presumed to have been made with reference to section 2, and is to be governed thereby. This is the construction placed upon the Compensation Act by the New Jersey courts (Gregutis v. Waclark Wire Works, 86 N. J. Law, 610, 92 Atl. 354), and their interpretation will be followed by the federal courts in administering the New Jersey law. Maiorano v. Railroad Co., 213 U. S. 268, 29 Sup. Ct. 424, 53 L. Ed. 792.

As the California law is not applicable, and as no right of action for death exists by virtue of the maritime law or any act of Congress, it follows that, if the present action may be maintained at all, it must find its support in section 2 of the New Jersey Workmen's Compensation Act of 1911, as the law of 1848 is inconsistent with that act where the relation of employer and employé exists, and is, as regards them, repealed. Paragraph 12 of that section provides for the amount of compensation to be paid in case of death, but contains this further provision:

"Compensation under this schedule shall not apply to alien dependents not residents of the United States."

The deceased, Hansen, was a native of Norway, not naturalized in this country, although he had declared his intention to become a citizen. His widow and minor children, in whose behalf the action is brought, never left Norway, but were living there at the time of his death, and are living there still. They have never even been in this country temporarily. While one who has declared his intention to become a citizen of the United States thereby acquires a certain status and some rights, he still continues to be an alien, even though a sea-

man, until his naturalization has been completed, and his wife and children, living in the land of his nativity and who have never been in this country, are "alien dependents not residents of the United States" within the meaning of the New Jersey law. In the present case, therefore, no right of action exists in favor of the widow and minor children of the deceased, Hansen. For such right is not only not accorded them by the law of New Jersey, upon which alone, as we have seen it must be based, if it exist at all; but they are expressly excluded from any such right by the very law upon which any right of action against an employer for the death of an employé must be based. It is no answer to this to say that the state law cannot deprive a seaman of his rights. That is quite true, but the right claimed here does not exist by virtue of any law, maritime or congressional, with which the New Jersey act interferes. If it exist at all, it must exist by virtue of the law of some state, here the state of New Jersey; and if it cannot be based on the law of that state, it does not exist. With the real or imagined hardships of such a situation the court is not in a position to deal. But this much may be said: If one has to rely upon a state law to support a claimed right, he must take the law as he finds it, hardships and all.

It results that this action may not be maintained, and the libel is therefore dismissed.