607 P.2d 597

Carmen **PEDRAZZA**, mother and next friend of Susanna Pedrazza, Lourdes Pedrazza, Salvador Pedrazza, Maria Pedrazza, Maria del Carmen Pedrazza and Margarita Pedrazza, children of Salvador F. Ontiveros, Deceased, Plaintiff-Appellant,

v.

**SID FLEMING CONTRACTOR, INC.** and Fireman's Fund Insurance Companies, Defendants-Appellees.

No. 12389.

Supreme Court of New Mexico.

Feb. 25, 1980.

Glenn B. Neumeyer, Las Cruces, for plaintiff-appellant.

J. R. Crouch, Las Cruces, for defendants-appellees.

Modrall, Sperling, Roehl, Harris & Sisk, James A. Parker, Sheehan & Sheehan, William H. Carpenter, Albuquerque, for amicus curiae.

## OPINION

PAYNE, Justice.

Salvador Ontiveros was killed in an accident while employed by Sid Fleming Contractor, Inc. The natural mother of the decedent's children, Carmen Pedrazza, filed a complaint for benefits under the New Mexico Workmen's Compensation Act on behalf of decedent's children.

The plaintiff children have at all times been residents of the Republic of Mexico. Defendant moved for dismissal based upon the pleadings, claiming that plaintiffs are precluded from recovery by Section 52–1–52, N.M.S.A.1978. The court granted the motion and dismissed the complaint with prejudice. We affirm the trial court.

Plaintiffs challenge the constitutionality of that portion of Section 52–1–52 which states:

> [N]o claim or judgment for compensation, under this act (citation omitted), shall accrue to or be recovered by relatives or dependents not residents of the United States at the time of the injury of such workman.

Specifically they allege that this section violates the "due process" and "equal protection" clauses of the New Mexico and United States Constitutions.

■■ It is important to note the exclusive nature and operation of workmen's compensation. If an employer and employee are covered by the Act, all their rights and remedies are defined exclusively by the Act. § 52–1–9, N.M.S.A.1978. As between the employer and the employee, all other common law and statutory actions are barred by the Act. This bar also applies to the employee's dependents to the extent that they are covered by the Act.

### I.

In considering the due process and equal protection principles in this case, the federal and state clauses are treated alike.

■ Plaintiffs argue that Section 52–1–52 deprives them of due process of law. A state violates the due process clause when it interferes with a fundamental right or a vested property interest. *United States v. State of Texas*, 252 F.Supp. 234 (D.C.1966), aff'd, 384 U.S. 155, 86 S.Ct. 1383, 16 L.Ed.2d 434 (1966). No law has been cited, nor can we find any, stating that workmen's compensation is or ought to be ranked as a fundamental right within the framework of the Constitution.

Next we consider whether a worker's right to compensation under the Act is a vested property interest. Plaintiffs liken workmen's compensation to insurance, the premiums being paid in labor, not dollars, and the benefits vesting upon payment, not death. Plaintiffs' comparison with insurance, however, clouds a proper understanding of the operation of workmen's compensation. While there are surface similarities between the two, there are also critical differences.

■ The worker's and the dependent's right to compensation benefits arise and may be received only as specified by statute. New Mexico's Act provides that the right to enforce dependency death benefits attaches at that point when the worker

**62**

dies, not at the inception of or during his work relationship. § 52–1–17, N.M.S.A. 1978; *Employers Mutual Liability Ins. Co. of Wis. v. Jarde,* 73 N.M. 371, 388 P.2d 382 (1963). *See also Gambalan v. Kekaha Sugar Co., Ltd.,* 39 Hawaii 258 (1952). The worker's dependents have only an inchoate right to benefits prior to the worker's death, and after his death their right vests as property, if at all, according to the terms of the Act. *Todeva v. Oliver Iron Mining Co.,* 232 Minn. 422, 45 N.W.2d 782 (1951).

■ It is apparent that the New Mexico Legislature, through the terms of Section 52–1–52, intended that a property right in workmen's compensation claims never vest in non-resident, alien dependents. This Court will not invade the province of the Legislature and say that the plaintiffs have a due process property right which the Legislature has not seen fit to confer, unless the Legislature's denial is unconstitutional on equal protection grounds.

Federal courts have stated the due process problem confronting us thusly:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

> For plaintiffs to acquire the right contended for, so that it is a protected "property" interest under the Fourteenth Amendment, it must appear that the state intended to confer that right. Once conferred its deprivation requires compliance with procedural due process.

*Child v. Beame,* 412 F.Supp. 593, 605 (D.C. N.Y.1976).

The Legislature conferred no due process property right upon the plaintiffs which the district court could have violated by dismissing plaintiffs' suit.

## II.

Plaintiffs' second constitutional argument is that Section 52–1–52 is void on equal protection grounds. They assert that the Act discriminates on the basis of alienage with no rational relation to a legitimate state interest. Plaintiffs maintain that New Mexico has created a suspect classification and urge us to apply strict scrutiny in our equal protection analysis. The plaintiffs' non-resident alien status, however, prevents us from being able to apply an equal protection test.

Plaintiffs are beyond the reach of the equal protection clause. The equal protection clause extends "to any person within [the state's] jurisdiction." As residents of the Republic of Mexico, plaintiffs cannot satisfy this qualification. The United States Supreme Court has counseled against exporting constitutional guarantees, saying:

> [I]n extending constitutional protections beyond the citizenry, the Court has been at pains to point out that it was the alien's presence within its territorial jurisdiction that gave the Judiciary power to act. In the pioneer case of *Yick Wo v. Hopkins* [118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220], the Court said of the Fourteenth Amendment, "These provisions are universal in their application, *to all persons within the territorial jurisdiction,* without regard to any differences of race, of color, or of nationality . . . ."

*Johnson v. Eisentrager,* 339 U.S. 763, 771, 70 S.Ct. 936, 940, 94 L.Ed. 1255 (1950).

■ The purpose of the equal protection clause is to protect persons and groups within United States jurisdiction from being singled out and subjected to hostile legislation. *Pembina Consolidated Silver Min. & Milling Co. v. Pennsylvania,* 125 U.S. 181, 8 S.Ct. 737, 31 L.Ed. 650 (1888). Clearly, the plaintiffs are being subjected to hostile legislation, but as non-resident aliens they are beyond the protective reach of the equal protection clause and outside of our ability to help their cause on constitutional grounds.

■ Had the workmen's compensation law provided that the rights of the worker and the rights of his dependents are

the same, plaintiffs could have claimed a denial of equal protection through their deceased father, a resident worker. The rights and remedies of the worker, however, are separate and distinct from those of his dependents. A dependent's claim is not derivative of the worker, but is given him by statute independent of the worker. *See generally* A. Larson, *The Law of Workmen's Compensation*, § 64.10 (1978). The status of the dependent, and his relationship to the Act, determines whether he recovers. *See Bjolstad v. Pacific Coast S.S. Co.*, 244 F. 634 (N.D.Cal.1917); *Frasca v. City Coal Co.*, 97 Conn. 212, 116 A. 189 (1922); *Erba v. Erba Bros., Inc.*, 77 R.I. 161 (1949). Plaintiffs' non-resident alien status prevents them from recovering death benefits under the New Mexico Act.

This opinion does not deny plaintiffs other avenues of recovery. The worker and his dependents are independent of and take separately from one another under the Act. Therefore, the bar against using other legal remedies to recover for the injury or death of a worker cannot be raised against those dependents not covered by the Act.

We affirm.

IT IS SO ORDERED.

EASLEY and FELTER, JJ., concur.

SOSA, C. J., not participating.

FEDERICI, J., dissenting.