644 P.2d 1319

**Andrea Cisneros JALIFI, widow, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Dan Skousen dba Skousen Ranch and/or Skousen Farms, Respondent Employer.**

**No. 1 CA–IC 2417.**

Court of Appeals of Arizona, Division 1, Department C.

March 11, 1982.

Rehearing Denied April 23, 1982.

Review Denied May 11, 1982.

Taylor & Kamper by Don F. Schaar, J. Terence Fox; Phoenix, and Lawrence Ollason, Tucson, for petitioner.

Calvin Harris, Chief Counsel by Jo Ann Gaffaney, Legal Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Jerome & Gibson, P. C. by Don A. Fendon, Phoenix, for respondent employer.

## OPINION

FROEB, Judge.

Miguel Jalifi died in an automobile accident arising out of and in the course of his employment on May 11, 1978. On August 13, 1979, Findings and Award for Death Benefits was entered granting petitioner Andrea Jalifi, his widow, full widow's benefits under Arizona's workmen's compensation law in the amount of $157.50 per month. Before it became final, the award was amended on October 9, 1979, reducing Andrea Jalifi's benefits to sixty percent of the full widow's allowance based upon the finding that she was an alien not residing in the United States at the time of her husband's death. Two of the deceased's three minor children pursued their rights to workmen's compensation benefits. Since the children have duality of citizenship, they were awarded full benefits pursuant to A.R.S. § 23–1046(A)(5).

A request for hearing was filed by the petitioner and, on April 8, 1980, the administrative law judge entered his Findings and Award affirming the Commission's amended October 9, 1979, decision. This decision was based upon memoranda which were filed by the petitioner and respondent-employer in lieu of a formal hearing. Petitioner then filed a request for review on April 22, 1980. The administrative law judge affirmed his decision by an award dated May 9, 1980, and this Special Action—Industrial Commission followed.

A.R.S. § 23–1046(A)(2) provides death benefits for the widow of a deceased worker in the amount of "thirty-five percent of the average wage of the deceased, ..." Petitioner challenges the constitutionality

of A.R.S. § 23–1046(C), which provides for a reduction of benefits in her case:

> A death benefit paid to an alien not residing in the United States shall be only sixty percent of the amount specified in this section.

Specifically, petitioner claims that A.R.S. § 23–1046(C) establishes an unconstitutional classification "on the basis of alienage" and thereby deprives her of the equal protection of the laws. She also claims a denial of procedural due process.[1]

It is clear that aliens within the jurisdiction of the state are entitled to the equal protection of the laws. *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Furthermore, resident aliens enjoy the "heightened judicial solicitude of a suspect class." *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971). This status is not afforded to *nonresident* aliens, however. *De Tenorio v. McGowan*, 510 F.2d 92 (5th Cir. 1975), *cert. den.* 423 U.S. 877, 96 S.Ct. 150, 46 L.Ed.2d 110 (1975); *Pedrazza v. Sid Fleming Contractor, Inc.*, 94 N.M. 59, 607 P.2d 597 (1980). The fourteenth amendment to the United States Constitution provides that "No state shall ... deny to any person *within its jurisdiction* the equal protection of the laws." (Emphasis added.) As noted in *Johnson v. Eisentrager*, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255 (1950):

> [I]n extending constitutional protection beyond the citizenry, the Court has been at pains to point out that it was the alien's presence within its territorial jurisdiction that gave the Judiciary power to act.

339 U.S. at 771, 70 S.Ct. at 940, 94 L.Ed. at 1262.

The argument is raised by respondents that the equal protection clause does not apply to petitioner in this case. We need not decide this question, however, because we find that, even if we assume the equal protection clause applies, the statutory provision in question does not violate it.[2] We turn then to a consideration of the standard by which the statute in question should be reviewed.

Alien-based classification has historically been subject to strict scrutiny for purposes of equal protection analysis. *Graham v. Richardson, supra; Yick Wo v. Hopkins, supra.* However, review of the "alien" cases commencing with *Yick Wo, supra*, indicates that the underlying rationale of those decisions is that *resident* aliens, like citizens, "pay taxes, serve in the military and contribute to economic growth." *Lehndorff Geneva, Inc. v. Warren*, 74 Wis.2d 369, 246 N.W.2d 815 (1976). *See Johnson v. Eisentrager, supra.* Thus, since resident aliens share the burdens of society, the state has a heavy burden to bear when it deprives them of equal benefits. *In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).

In *Lehndorff, supra*, the Wisconsin Supreme Court summarized the "alien" cases as follows:

> In summary, the cases which called for a "heightened judicial solicitude" toward aliens dealt with statutes which obstructed the normal affairs of life even though

---

1. Petitioner originally argued that the amended award reducing her benefits was also a violation of the supremacy clause because she claimed she was a green-carded alien, and that under the Federal Immigration and Nationality Act, a green-card holder enjoys the status of a *resident* alien. 8 U.S.C. § 1101(a) (1976 & Supp. III 1980). *See Gonzalez v. Workmen's Compensation Appeals Board*, 49 Cal.App.3rd 280, 122 Cal.Rptr. 515 (1975). At oral argument, however, petitioner conceded that she was not in fact a green-card holder and therefore waived the supremacy clause argument.

2. Unlike the non-resident aliens in *De Tenorio, supra*, and *Pedrazza, supra*, petitioner is conferred some benefits by the Arizona State Legislature, which may provide the requisite nexus to bring her within the purview of the equal protection clause. We therefore decline to dispose of the equal protection issue on the basis that its protection does not apply to petitioner.

the national government had determined that the aliens in question could live in this country. As residents, these aliens bore the burdens imposed by society but not the sought-after benefits. Nor could they participate in the political process, which is the normal avenue of redress for a citizen unhappy with a governmentally-imposed burden. In this type of situation, the court repeatedly held, "heightened judicial solicitude" is appropriate. *Id.* 74 Wis.2d at 382–83, 246 N.W.2d at 822. The Wisconsin court determined, however, that none of these considerations applied to a state law limiting *non-resident* alien ownership of land. Because the non-resident aliens in that case did not share the burdens of citizens, except for taxes paid in connection with the ownership of the land, the court concluded that non-resident aliens did "not possess the characteristics which warrant heightened judicial solicitude...." *Id.* at 387, 246 N.W.2d at 824.

We agree with this reasoning and find it applicable to the petitioner in the case before us. Petitioner was not a resident of the United States on the date of her husband's death. In fact, since her marriage to Miguel Jalifi, petitioner has always resided in Mexico. Petitioner therefore shares none of the "duties and burdens" which resident aliens have in common with citizens of the United States. Consequently, her challenge to A.R.S. § 23–1046(C) must be analyzed in accordance with the "rational basis" test and it is incumbent upon her to establish that the classification is arbitrary and cannot be justified under any reasonable set of facts. *U. S. v. Carolene Products Co.,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

■ To determine whether A.R.S. § 23–1046(C) serves any legitimate state interest, it is necessary to consider the purposes of the Workmen's Compensation Act. The Act serves the economic and social welfare purposes of preventing claimants and their dependents from becoming public charges during the period of disability. *Prigosin v. Industrial Commission,* 113 Ariz.

87, 546 P.2d 823 (1976). Thus, A.R.S. § 23–1046(C) reasonably distinguishes between resident aliens who without full benefits are more likely to become public charges, and aliens residing in foreign countries who probably will not. Another reason which has been cited for the disparate treatment afforded non-resident aliens is "the well-known fact that the cost of living in most foreign countries is substantially less than in the United States." *Continental Casualty Co. v. Industrial Commission,* 68 Utah 334, 336, 250 P. 145, 145 (1926). Finally, as stated in Larson on *Workmen's Compensation Law,* "Most of the special rules [applying to non-resident alien dependents] are the result not of any desire to discriminate but of the awkward problem of proof and continuing administration that is unavoidably present in these cases." 2 A. Larson, *Workmen's Compensation Law,* § 63.51, p. 11–163 (1981).

Petitioner has failed to demonstrate that the classification set forth in A.R.S. § 23–1046(C) has no rational relationship to a permissible state objective. *See McGeorge v. City of Phoenix,* 117 Ariz. 272, 572 P.2d 100 (App.1977); *Riley v. Stoves,* 22 Ariz. App. 223, 526 P.2d 747 (1974). We therefore conclude that the non-resident alien provision of the Workmen's Compensation Act serves a legitimate state interest and does not violate the equal protection clause.

■ Petitioner next argues that she has a property interest in the widow's benefits provided by the Arizona workmen's compensation law which cannot be denied her without due process of law. We need not address petitioner's property interest claim, however, because we have reviewed the record and find that, even if petitioner had been denied a property interest, she was provided with an adequate opportunity to vindicate her factual and legal claims of entitlement to full death benefits. Procedural due process requires nothing more. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

For the reasons set forth, we find A.R.S. § 23–1046(C) is not unconstitutional and the award is affirmed.

EUBANK, P. J., and HAIRE, J., concur.