DOWNEY, Judge.
This is an appeal from a final order declaring section 440.16(7), Florida Statutes (1983), unconstitutional because it treats resident wives and dependents more favorably than nonresident wives and dependents. That aspect of the order which found *1347 that the circuit court had jurisdiction to determine the constitutionality of the statute is also appealed from.
On or about March 9,1984, the decedent, Maximiano Ayala was killed in an accident in the State of Florida while performing duties within the scope of his employment for the appellant, Steve’s Harvesting, Inc. The decedent was survived by his wife, Bertha Pulido De Ayala, four minor sons, and two minor daughters. His wife and all of his minor children were citizens and residents of the Republic of Mexico at the time of the accident.
Subsequent to Mr. Ayala’s death, Bertha De Ayala, through her attorney, made demand upon appellant, Florida Farm Bureau Casualty Insurance Company (Florida Farm), the workers’ compensation carrier for Steve’s Harvesting, Inc., for the maximum death benefits to her and to the children of the decedent pursuant to Chapter 440, Florida Statutes (1983) (Florida Workers’ Compensation Act). Florida Farm responded to the appellee’s demand and tendered the statutory limit of $1,000 by check to the personal representative of the deceased claimant.
Thereafter, appellees filed their complaint for declaratory relief, alleging that section 440.16(7) was invalid and unenforceable both on its face and as applied to the appellees as violative of the equal protection and due process clauses of the United States Constitution and the Constitution of the State of Florida. The complaint alleged further that section 440.16(7) arbitrarily and unreasonably discriminated against resident aliens injured in a job-related accident that resulted in their death when their dependents were not residents of the United States or Canada.
Section 440.16(7) provides:
Compensation under this Chapter to aliens not residents (or about to become nonresidents) of the United States or Canada shall be the same in amount as provided for residents, except that dependents in any foreign country shall be limited to surviving spouse and child or children, or if there be no surviving spouse or child or children, to surviving father or mother whom the employee has supported, either wholly or in part, for the period of 1 year prior to the date of the injury, and except that the deputy commissioner may, at the deputy commissioner’s option, or upon the application of the insurance carrier, commute all further installments of compensation to be paid to such aliens by paying or causing to be paid to them one-half of the commuted amount of such further installments of compensation as determined by the deputy commissioner and provided further that compensation to dependents referred to in this subsection shall in no case exceed $1,000. [Emphasis added.]
Appellants contend that the trial court erred in declaring that:
Common sense indicates to this Court that in a society whose government should treat everybody equally there is no reason that resident wives and dependents should be treated more favorable than non resident wives and depen-dants so this court (in the opinion of this one lonely judge) determines that such a distinction by government is discriminatory and therefore illegal and unconstitutional.
Further, appellants contend that the trial court was without jurisdiction to determine the constitutionality of section 440.16(7) because section 440.25(1) places the exclusive jurisdiction to determine any and all issues or questions presented in respect to workers’ compensation claims before the deputy commissioners of the Department of Labor and Employment Security. We agree with the first contention but disagree with the second.
While there appears to be no Florida decision as yet directly addressing the constitutionality of section 440.16(7), this court recently considered the statute and pointed out that “compensation to a nonresident alien employee could not exceed $1,000.” Ron Burton, Inc. v. Villwock, 477 So.2d 596, 597 (Fla. 4th DCA 1985). Moreover, the general rule is that “[n]onresident *1348 aliens are entitled to compensation the same as resident citizens except as otherwise provided by the statute.” 99 C.J.S. Workmen’s Compensation § 132 (1958) (emphasis added). It has been stated that:
Alien dependents not residents of the United States are not entitled to compensation where the statute in express terms provides that it shall not apply to them.... In some states compensation is allowed to nonresident aliens under the statutes, but it is either limited to a specified amount, or restricted to relatives and under the conditions named, or conditioned on proof of dependency within a specified limit of time before the accident, or on the receipt of information from the foreign consuls to the dependents in the foreign country. Some provisions limiting or restricting the rights of nonresident aliens make an exception for residents of Canada, and they may be entitled to the same death benefits as residents of the United States.
Id. (footnotes omitted).
Section 440.16(7) provides that compensation to dependents referred to therein may in no case exceed the amount specified in the statute. Where provisions of the law are not ambiguous, there is no basis for judicial construction thereof. Zee v. Gary, 137 Fla. 741, 189 So. 34 (1939). Workers’ compensation is entirely a creature of statute and must be governed by what the statute provides, not by what the deciding authorities feel the law should be. J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 562 (Fla.1962). See Gregutis v. Waclark Wire Works, 86 N.J.L. 610, 611, 92 A. 354 (1914) (“The Legislature saw fit, as a matter of public policy, to exclude nonresident aliens from such benefits, and we think that the power of the Legislature to give or withhold a right of action in such ease, and to declare to whom and in what amount compensation shall be made, cannot be doubted.”). The right to compensation is not a fundamental right under either the Florida or United States Constitution; the right to compensation under Chapter 440 is a statutory privilege. Further, the rights contained within the constitutions do not extend to those outside the state or outside the jurisdiction of the United States. See Pedrazza v. Sid Fleming Contractor, Inc., 94 N.M. 59, 607 P.2d 597 (1980). See also Jalifi v. Industrial Commission of Arizona, 132 Ariz. 233, 644 P.2d 1319 (Ariz.Ct.App.1982), appeal dism’d, 459 U.S. 899, 103 S.Ct. 200, 74 L.Ed.2d 161 (1982). Thus, section 440.16(7) does not violate either the due process or equal protection clauses of the Constitutions of the United States and the State of Florida. The issue of whether it violates article 1, section 21 of the Florida Constitution, raised by appellees, is not properly before this court since it was not addressed below. In any event, while not ruling on the merits, we do not find appellees’ arguments persuasive.
Regarding jurisdiction of the trial court to determine the constitutionality of section 440.16(7), we find appellants’ contentions that it lacked jurisdiction without merit. Circuit courts have the power in all instances to consider constitutional issues. Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Fund, 427 So.2d 153 (Fla.1982). Furthermore, deputy commissioners are not empowered to declare provisions within the Workers’ Compensation Act to be invalid on constitutional grounds. Radney v. Edwards, 424 So.2d 956 (Fla. 1st DCA 1983). See also Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), aff'd, 452 So.2d 932 (1984).
Accordingly, we affirm that portion of the trial court’s order finding that it had jurisdiction, but reverse the trial court’s holding that section 440.16(7) is unconstitutional.
AFFIRMED IN PART and REVERSED IN PART.
HERSEY, C.J., and GUNTHER, J., concur.