(No. 79666.—

CESAR JARABE, SR., Indiv. and for the Benefit of the Estate of Tomasa Isma Jarabe, Deceased, Appellee, v. THE INDUSTRIAL COMMISSION (American Airlines, Inc., Appellant).

*Opinion filed March 28, 1996.—Rehearing denied June 3, 1996.*

Jobin & Flynn, of Chicago, for appellant.

Ivan M. Rittenberg, of Rittenberg & Buffen, Ltd., of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

After a hearing, the circuit court of Cook County declared unconstitutional, as a violation of due process and equal protection, section 7(i) of the Workers' Compensation Act (820 ILCS 305/7(i) (West 1992)). Section 7(i) limits the amount of death benefits payable to the dependents of a deceased employee if those dependents are aliens who do not reside in the United States, Mexico, or Canada. For the reasons that follow, we reverse the judgment of the trial court.

## BACKGROUND

Plaintiffs, Cesar Jarabe, Sr., and Tomasa Isma Jarabe, nonresident aliens residing in the Philippines, claimed worker's compensation benefits following the death of their daughter, Abundia Jarabe McLeod, who was killed while working as a baggage handler for the defendant, American Airlines. After an arbitration hearing, plaintiffs[1] were awarded $297.51 per week in

---

[1]Tomasa Isma Jarabe died during the pendency of these proceedings. For ease of reference, we shall refer to Cesar Jarabe, Sr., and the estate of Tomasa Isma Jarabe collectively as

death benefits under section 7(b) of the Workers' Compensation Act, which provides that where a deceased worker does not leave a surviving widow or child but does leave a surviving parent or parents who were totally dependent on the earnings of the deceased worker, the parent or parents are entitled to weekly benefits of two-thirds the average weekly wage of the deceased worker. 820 ILCS 305/7(b) (West 1992). However, the arbitrator found that plaintiffs' statutory benefits were limited by section 7(i) of the Act, which provides in pertinent part:

"(i) Whenever the dependents of a deceased employee are aliens not residing in the United States, Mexico or Canada, the amount of compensation payable is limited to the beneficiaries described in paragraphs (a), (b) and (c) of this Section and is 50% of the compensation provided in paragraphs (a), (b) and (c) of this Section, except as otherwise provided by treaty." 820 ILCS 305/7(i) (West 1992).

Plaintiffs were thus awarded $148.75 each week for life, representing 50% of the $297.51 per week which plaintiffs would have been entitled to in the absence of section 7(i). Plaintiffs appealed the award of benefits to the Industrial Commission, which affirmed the decision of the arbitrator. Thereafter, plaintiffs appealed the Commission's decision to the circuit court. The circuit court ruled that section 7(i) of the Act is unconstitutional, as it violates the due process and equal protection clauses of the Illinois and United States Constitutions.

Defendant appealed the circuit court's ruling to the appellate court. Upon plaintiffs' motion, the appeal was transferred to this court. 134 Ill. 2d R. 365(b).

I

Plaintiffs' primary contention on appeal is that sec-

---

plaintiffs.

tion 7(i) of the Act violates the equal protection and due process clauses of the Illinois and United States Constitutions. Defendant responds that the plaintiffs do not have standing to challenge the statute on these grounds because nonresident aliens cannot avail themselves of these state or federal constitutional protections.

The fourteenth amendment to the federal Constitution provides:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV.

The Illinois Constitution provides that "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." Ill. Const. 1970, art. I, § 2.

This court uses the same analysis in assessing equal protection claims under both the federal and the state Constitutions. *People v. Reed*, 148 Ill. 2d 1, 7 (1992). The standards governing the due process and equal protection inquiry are identical. *Reed*, 148 Ill. 2d at 11.

In the seminal case of *Yick Wo v. Hopkins*, 118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064 (1886), the United States Supreme Court held that the protection of the fourteenth amendment is territorial and applies only to those persons within the territorial jurisdiction of the United States. Contrary to plaintiffs' suggestions, *Yick Wo*'s age does not vitiate its force as precedent. In *Johnson v. Eisenstrager*, 339 U.S. 763, 771, 94 L. Ed. 1255, 1262, 70 S. Ct. 936, 940 (1950), the Court reaffirmed the precedent in *Yick Wo* when it observed:

> "[I]n extending constitutional protections beyond the citizenry, *the Court has been at pains to point out that it*

*was the alien's presence within its territorial jurisdiction* that gave the Judiciary power to act. [Emphasis added.] In the pioneer case of Yick Wo v. Hopkins, the Court said of the Fourteenth Amendment, 'These provisions are universal in their application, to all persons within the territorial jurisdiction [emphasis omitted], without regard to any differences of race, of color, or of nationality; ***.' " *Johnson*, 339 U.S. at 771, 94 L. Ed. at 1262, 70 S. Ct. at 940, quoting *Yick Wo*, 118 U.S. at 369, 30 L. Ed. at 226, 6 S. Ct. at 1070.

Most recently, in *Plyler v. Doe*, 457 U.S. 202, 72 L. Ed. 2d 786, 102 S. Ct. 2382 (1982), the Court reaffirmed that the equal protection clause and the due process clause of the United States Constitution apply solely to citizens and resident aliens.

Simply stated, plaintiffs, as aliens who do not reside and who have never resided in the United States, cannot invoke the equal protection or due process clause of either the federal or state constitution in an effort to invalidate section 7(i) of the Act.

Plaintiffs contend, however, that they are not asserting their constitutional rights; rather, they maintain that they are asserting the constitutional rights of their deceased daughter. In support of their position, plaintiffs cite *De Ayala v. Florida Farm Bureau Casualty Insurance Co.*, 543 So. 2d 204 (Fla. 1989), as well as *Jurado v. Popejoy Construction Co.*, 253 Kan. 116, 853 P.2d 669 (1993), which adopted the *De Ayala* analysis. In *De Ayala*, the Florida Supreme Court reviewed a Florida worker's compensation statute which limited benefits to a deceased employee's dependents who did not reside in the United States or Canada to $1,000. The Florida Supreme Court rejected the defendant's contention that the nonresident aliens challenging the statute's constitutionality lacked standing to assert the claims. Emphasizing the Florida Constitution's clause that all persons "be rewarded for industry," the court reasoned

that the case hinged on the constitutional rights of the deceased worker:

"The issue in this case is not what petitioners [the nonresident aliens] have earned, but what decedent earned during his life here in the State of Florida. This case concerns whether a worker who happens to have dependents residing out of the country is entitled to the same fruits of his or her labor as any other worker, including the same insurance benefits where the state has required those benefits to be provided." *De Ayala*, 543 So. 2d at 206.

After concluding that the petitioners had the requisite standing, the *De Ayala* court went on to strike down the statute at issue as unconstitutional.

We decline to adopt the reasoning of *De Ayala* and *Jurado*. Instead, we are persuaded by those courts which have concluded that the nonresident aliens challenging the constitutionality of similar statutes lack the requisite standing to do so. See *Barge-Wagener Construction Co. v. Morales*, 263 Ga. 190, 429 S.E.2d 671 (1993); *Martinez v. Industrial Comm'n*, 720 P.2d 416 (Utah 1986); *Pedrazza v. Sid Fleming Contractor, Inc.*, 94 N.M. 59, 607 P.2d 597 (1980). We join these courts in rejecting the notion that a nonresident alien beneficiary may step into the constitutional shoes of the deceased employee.

Our conclusion, unlike the one reached in *De Ayala* and *Jurado*, is grounded not in policy but in precedent. This court has explicitly held that a deceased employee's beneficiary under the workers' compensation statute has no rights derivative of the deceased employee. *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52 (1985). In *A.O. Smith*, this court examined whether a dependent's cause of action arises on the date of the employee's accident or upon the date of the employee's resulting death. Citing *American Steel Foundries v. Industrial Comm'n*, 361 Ill. 582, 589 (1935), the court observed that a claim for compensation is a statutory benefit exclusively for the dependents and over which the employee

has no control and is powerless to release, waive or extinguish. Reasoning that the Act confers upon an employee's dependents a new and independent right to compensation, this court concluded that the dependent's personal cause of action arose on the death of the employee. *A.O. Smith*, 109 Ill. 2d at 56.

Adherence to these prior decisions concerning the nature of death benefits precludes us from allowing plaintiffs standing to challenge the statute's constitutionality in place of their deceased daughter. The death benefits plaintiffs are provided in the workers' compensation system are personal to them and for their exclusive benefit. It is solely through the legislature's enactment of the Act that plaintiffs are eligible to receive *any* benefit upon the death of their daughter, and the legislature was within its authority in drawing the distinctions of which plaintiffs now complain.

## II

As a final argument, plaintiffs suggest that section 7(i) of the Act is a statement of foreign policy and therefore infringes on the federal government's power to regulate foreign affairs. Plaintiffs cite no authority for this proposition. We find it patently meritless. The Act is neither a foreign policy document nor a treaty; rather, it is social welfare legislation which exists to provide employees and their dependents certain compensation for injuries or death suffered in the course of employment. Contrary to plaintiffs' bald assertion, neither the Act nor the particular provision at issue runs afoul of principles of federalism.

## CONCLUSION

We acknowledge that this decision may not hold the equitable appeal of those of Florida and Kansas, both of which have struck down as unconstitutional similar distinctions in their compensation schemes. Our

conclusion is inevitable, however, given that nonresident aliens cannot invoke the constitutional protections enjoyed by citizens and residents of the United States. It is within the General Assembly's purview, and not ours, to determine whether fairness dictates a revision in a scheme that differentiates between aliens who reside in the United States, Canada or Mexico and aliens who do not. Accordingly, the trial court's holding that section 7(i) of the Workers' Compensation Act is unconstitutional is reversed. The decision of the Industrial Commission is confirmed.

*Circuit court judgment reversed;*
*Commission decision confirmed.*